GREENE, *administratrix, appellant, versus* DYER.

The contingent claims, for which, by the R. S. c. 109, § 13, funds are to be reserved by order of the Judge of Probate, are those, concerning which it is uncertain whether they will ever be converted into debts.

Where a claim, not belonging to the contingent class, is disallowed by commissioners of insolvency, and is thereupon prosecuted and recovered in a suit at law, the creditor is not barred by any statute of limitation from having it at any time afterwards, added to the list of allowed claims.

His right to have it so added does not depend upon any reservation of funds, ordered by the Judge of Probate for contingent claims.

Neither is that right impaired by a distribution of the surplus assets, without any order of the Probate Court, among the heirs and legal representatives of the deceased, the estate, though represented insolvent, having proved to be solvent.

DYER, in 1850, presented to the Judge of Probate a petition setting forth, *that* he had a just claim against the estate of the intestate ; *that* he presented the same before the commissioners of insolvency, and on an appeal from their decision, recovered, in an *action at law*, in *1845*, the *sum of* $250,28 against said estate, which amount the administratrix was bound to add to the list of other sums allowed against the estate ; *that,* during the pendency of said action at law, she was directed by the Judge of Probate to retain in her hands the sum of $1200, as a contingent fund from which to pay this petitioner the amount, or a proportionate dividend upon the amount, which he might recover in said action ; and *that*

she has neglected to add said $250,28 to the said list of claims, and has also neglected to pay the same or any part of it to the petitioner.

The prayer of the petition then was, that she might be cited to settle an administration account.

The facts of the case appeared to be as follows : —

Administration on the estate was granted in 1840.

The administratrix represented the estate insolvent. The petitioner presented to the commissioners a claim which they disallowed, and he thereupon prosecuted the same in an action at law. On account of that claim, the administratrix was directed to retain in her hands $1200, till the result of the suit should be ascertained. Dyer recovered in the suit $250,28, in 1845. The order to retain the $1200 was then rescinded. Dyer never caused his judgment to be certified to the Probate Court, nor gave notice of it to the administratrix. Her sixth and last administration account was settled in 1847. The estate proved to be solvent, and the claims, allowed by the Probate Court, were all paid in full ; and the residue of the assets were distributed, by order of the Probate Court, to the widow and heirs of the intestate, except $300, which the administratrix was ordered to reserve for "contingent" claims against the estate.

Of the $300, reserved as aforesaid, there remained in her hands after payment of expenses $276,75, which the heirs of the intestate claimed, and which she paid to their guardian.

This petition prays that she be cited to settle a further account, so that credit may therein be given to the petitioner for the amount of his said judgment, and that payment of the same may be ordered by the Probate Court.

A citation to show cause was issued, and, upon a full hearing, it was ordered by the Judge of Probate that the administratrix settle a further account.

From that order this appeal was taken, upon the following reasons alleged therefor : —

1. That she is not bound to pay the claim of said Dyer

because the same was barred by the statute of limitations, relating to executors and administrators.

2. That the estate, though represented insolvent, proved to be solvent, and all claims duly presented were paid; that more than nine years elapsed, after the filing of the administration bond by the respondent, before the petitioner entered his complaint to the Judge of Probate, and more than four years elapsed after his recovery of judgment in his suit against her, before he demanded payment of her, or cited her to account.

3. That said Dyer never certified the judgment, recovered by him against this respondent, to the Judge of Probate, nor filed the same in the Probate office, nor did he make any demand therefor on this respondent, until more than four years after the recovery thereof.

4. That in February, 1847, she settled her sixth and final account, and that the said balance of $276,75, was claimed by the minor heirs of the intestate, and was paid over to their guardian.

*Willis* and *Fessenden*, for the administratrix.

1. The administratrix relies upon the statute of limitations. R. S. chap. 146, sect. 29; 11 Maine, 150; 14 Maine, 252. More than four years elapsed between recovering the judgment and filing this petition.

2. As the estate proved to be solvent, the representation and commission of insolvency are to have no effect.

3. After four years, the assets not distributed become the property of the heirs. 15 Mass. 6, 58; 16 Mass. 172, 429; 5 Pick. 143.

4. The petitioner did not certify his judgment to the Probate Court. R. S. chap. 109, sect. 14, 15, 16, 19 and 24; 2 Metc. 255.

5. A final account has been settled, and the assets accounted for. Another settlement could not aid the petitioner.

*Shepley* and *Dana*, for the petitioner.

SHEPLEY, C. J., orally. — 1. The four years limitation, re-

Greene *v.* Dyer.

lied on in the first reason for the appeal, applies only to *suits brought,* 'and not to proceedings in the Probate Court. The cases of *McClellan* v. *Hunt,* cited by the counsel from the 11th and 14th Maine, were such suits. That statute was not intended ·to prevent the Judge of Probate from closing up matters in his own court. If it was so intended, all estates must be closed in that court in four years.

2. That assets, remaining more than four years in the hands of an administrator, belong to the heirs, cannot be received as a general proposition. The cases cited from Massachusetts do not apply.

3. Another alleged reason of appeal is, that the petitioner was delinquent by not filing the certificate of his judgment in the Probate Court.

This calls for a construction of R. S. c. 109, § 13, which requires funds to be retained for contingent claims. That class of claims embraces those only, concerning which it is uncertain or contingent, whether they will ever become debts. Of that kind are the liabilities of a surety. Such a claimant may present his contingent claim, and funds are to be reserved for it. *Such* a reservation is not to be continued more than four years. But this petitioner's claim was not of that class. It was not a contingent claim. In the case of a contingent claim, the contingency does not relate to the *amount* which may be due or which may be recovered, but to the uncertainty whether *any amount* will ever become due. .

Was then that decree of the Judge of Probate, which requires the petitioner's debt to be paid, rendered illegal by the circumstance, that it had not been put, by certificate, upon the list of claims? The statute requires such a debt to be added. Whose duty is it to add it? On. that point the statute is silent. But it is the duty of administrators to pay the debts of their intestates. If the appellant had added this debt and paid it, she would have been protected. We think she may be compelled to add it to the list of debts. The law does not prescribe within what time debts shall be added, nor require that they be paid from any reserved funds. The

omission of the Judge of Probate to direct that this debt should be added to the list, was a mere informality. It affected no rights. For such an informality, this court does not interfere. *Decree affirmed.*