WALTER E. F. OAKES *vs.* JOHN ROGERS, JR.

July 24, 1891.

**Agreement to Pay when a Question is "Legally Determined."**—An agreement to pay a stipulated sum as part of the purchase price of a tract of land, upon the condition that a certain judgment shall be legally determined not to be a lien thereon, means a final and conclusive determination of that question.

**Same—Judgment, when Final.**—A judgment of an inferior court is final as to that court, but not in relation to the subject-matter, unless it be acquiesced in or the time to appeal has expired.

Action brought in the municipal court of St. Paul, on a promissory note for $171. Appeal by plaintiff from an order refusing a new trial after trial by the court and judgment ordered for defendant.

*H. Barton,* for appellant.

*B. J. Shipman,* for respondent.

VANDERBURGH, J.    The note in suit was given for part of the purchase price of certain real estate upon which one Simpson claimed a lien by virtue of a judgment against the owner for a similar amount.    By a contemporaneous agreement, (of which the plaintiff, indorsee of the note, had due notice,) made between the parties to the note, the liability of the defendant was conditioned upon the satisfaction of such judgment, or a judicial determination that it was not a lien on the land, which condition was expressed in the agreement as follows: "Now, therefore, if said judgment is satisfied, or the question as to whether it is a lien on said property is decided, and said decision is to the effect that said judgment is not a lien on said property, then said note is to remain in full force, and shall be collected by said executor; otherwise said Rogers is to pay that amount, namely $171, on said judgment." Evidently the object was to secure Rogers against the liability to pay the judgment, if he paid the full purchase price, and so that part of the purchase-money evidenced by the note was not to be paid over to the vendor of the land until the question of the lien of the judgment upon the land

was determined. In view of the object of the contract, the parties must be held to have intended a final and conclusive determination of the question. A judgment adversely to the claim of the judgment creditor claiming a lien upon the premises by virtue of the judgment in question was duly entered on the 22d day of April, 1890. This action to recover the amount due on the note in suit was commenced in May, 1890, in the municipal court of St. Paul, and was tried and finally submitted June 7, 1890. The court found that the suit was prematurely brought, and that plaintiff was not entitled to recover for that reason, because at the time of its commencement, the defendant in the action to determine the lien of the judgment on the premises in question still had the right to appeal, and the question of the final determination of his rights under that judgment had not, therefore, been finally determined, nor had the judgment been satisfied. It was not, therefore, safe for the defendant in this action to pay the note until the time to appeal had passed. As already stated, we think this was the proper construction to be placed upon the contract. A decision which is open to appeal, and upon the stability of which the liability of a party must depend, can hardly be said to determine the matter in controversy while the right of appeal continues. The judgment in question was final as to the district court in which it was rendered, but was not final as to the subject-matter when this action was tried. It was not final as to the land or the rights of the parties until the time to appeal had expired. "The last decree of an inferior court is final in relation to the power of that court, but not in relation to the property itself, unless it be acquiesced in." *U. S.* v. *Schooner Peggy*, 1 Cranch, 103, 109; *Hills* v. *Sherwood*, 33 Cal. 474. Whether, if the action, though commenced before, had not been tried till after, the time to appeal had expired, and no appeal taken, such acquiescence might not then have been shown to establish the final and definitive character of the judgment of the district court, is a question not arising, and need not be answered here.

Order affirmed.