**FRANKLIN v. PARKS et al., Exec's.**

No. 9634—Opinion Filed March 9, 1920.

(Syllabus by the Court.)

1. **Contracts — "Contingent Claim" — Liability.**

A contingent claim is one where the liability depends on some future event, which may or may not happen, and which therefore makes it wholly uncertain whether there ever will be a liability.

2. **Same—"Contingent Liability."**

A contingent liability is one not existing or occurring through necessity; dependent on a foreseen possibility; provisionally liable to exist, happen, or take effect in the future; but not certain to occur; dependent on that which is undetermined or unknown; dependent for effect on something that may or may not occur.

3. **Same—Amount—Question of Any Liability.**

In the case of a contingent claim, as here used, the contingency does not relate to the amount which may be due or which may be recovered, but to the uncertainty whether any amount will ever become due.

4. **Same—Conditions Precedent—Default.**

Where a contract contains a condition precedent—that is, where a stipulation is to bind a party only on the transpiring of a designated event—such party cannot be in default so long as, from any cause, the condition remains unfulfilled.

**5. Same—"Condition Precedent."**

A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend.

**6. Same—Proof of. Performance—Necessity.**

•The performance of a condition precedent to a right of action must be proved to entitle plaintiff to recover.

**7. Same—Promise to Pay—Enforcement.**

A promise to pay, not the time of payment, which is conditioned upon the performance of an act or depends upon the happening of a contingency, cannot be enforced unless the condition has been performed or the contingency has happened.

Error from District Court, Muskogee County; R. P. de Graffenreid, Judge.

Brooks & Brooks, for plaintiff in error.

Irvin Donovan, for defendants in error.

Action in assumpsit by Robert Franklin against James R. Parks and Minnie Lee Cornelius, executors of the estate of W. D. Cornelius, deceased. Judgment for defendants, and plaintiff brings error. Affirmed.

OWEN, C. J. Robert Franklin, though not enrolled as a citizen of the Creek Nation, claimed to be the heir of Eliza Pettit, deceased, an enrolled citizen, and claimed to have inherited one-half share in certain land owned by Eliza Pettit at her death. W. D. Cornelius secured a quitclaim deed from Franklin under written contract, by the terms of which he paid Franklin $100 and agreed to pay an additional sum "when it shall be first established by final recognized jurisdiction of the Supreme Court of the United States in similar case or cases in which the question here involved shall be adjudicated, and the fact that the second party inherit an interest in the said land shall thus be made to appear, then the first party shall pay to the second party for his said interest as per his interest on the valuation fixed by said appraisers, less the sum of $100, the amount already paid the second party for the quitclaim deed."

The case was tried to the court without a jury and judgment rendered in favor of defendants. The question presented is whether the action was prematurely brought, it appearing there had been no decision, of the Supreme Court of the United States under which Robert Franklin would be held to inherit an interest in the land owned by Eliza Pettit.

Counsel for plaintiff rely upon authorities supporting the rule that when the happening of a contingency upon which money is to be paid depends upon the will of the party who is to pay, then the contracting, parties are presumed to have intended payment within a reasonable time; and also contend that the contract is unilateral and should be disregarded as to fixing time of payment.

The question presented is not the time of payment, but the fixing of liability. Where the liability is fixed and the payment depends upon the happening of the contingency, the rule is as stated by counsel, and the authorities cited support the rule. Here the liability of Cornelius to pay any amount depends upon a judicial determination of Franklin's right to inherit. It was not admitted that he had any right of inheritance; on the contrary, his interest in the land was uncertain, and the contract amounted to nothing more than an agreement on the part of Cornelius to pay at an agreed valuation when that interest was determined. At most, Franklin's claim against Cornelius under this contract was contingent.

In the case of Adm'r of Sargent's Estate v. Adm'r of Kimball's Estate, 37 Vt. 319, it was said:

"A contingent claim is one where the liability depends on some future event, which may or may not happen, and which, therefore, makes it wholly uncertain whether there ever will be a liability."

In 13 C. J. 114, a contingent liability is defined as:

"Not existing or occurring through necessity; dependent on a foreseen possibility; provisionally liable to exist, happen, or take effect in the future; possible, or liable, but not certain, to occur; dependent on that which is undetermined or unknown; dependent for effect on something that may or may not occur."

In Greene, Adm'r v. Dyer, 32 Me. 460, it was said:

"In the case of a contingent claim, the contingency does not relate to the amount which may be due or which may be recovered, but to the uncertainty whether any amount will ever become due."

In Bishop on Contracts (2d Ed) sec. 586, it is said:

"Where a contract contains a condition precedent—that is, where a stipulation is to bind a party only on the transpiring of a designated event—such party cannot be in default so long as, from any cause, the condition remains unfulfilled."

In Chambers v. N. W. Insurance Co., 64 Minn. 495, 58 A. S. R. —, it is said:

"A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend."

In 6 R. C. L., sec. 290, p. 904, in defining conditions precedent, it is said:

"Conditions precedent call for the performance of some act, or the happening of some event, after a contract is entered into, and upon the performance or happening of which its obligations are made to depend. * * * An agreement to pay a certain sum when a question is determined in a designated manner must be construed as requiring the decision to be final, and therefore no action upon the agreement can be sustained while the right of appeal exists."

In Farris v. Stoutz, 78 Ala. 130, it is said:

"A claim dependent upon a future contingency—on the happening of an event which may never happen—does not accrue until the event happens; until then it is not a claim."

In Oakes v. Rodgers (Minn.) 49 N. W. 330, it is said:

"An agreement to pay a stipulated sum as part of the purchase price of a tract of land, upon the condition that a certain judgment shall be legally determined not to be a lien thereon, means a final and conclusive determination of that question."

In Oakley v. Morton, 11 N. Y. (1 Kernan) 25, 62 Am. Dec. 49, it was held that a performance of a condition precedent to a right of action must be strictly proved to entitle plaintiff to recover.

In Rollins v. Denver Club (Colo.) 96 Pac. 188, it was said:

"A promise to pay which is conditioned upon the performance of an act or depends upon the happening of a contingency, cannot be enforced unless the condition has been performed or the contingency has happened."

Counsel have not favored us with a citation of any authorities holding that where the liability is contingent upon the happening of a future event, the contracting parties are presumed to have intended payment within a reasonable time, regardless of whether the event has in fact happened, and, from the authorities mentioned, we are of the opinion this action was prematurely brought.

Therefore the judgment of the trial court must be affirmed.

KANE, RAINEY, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.