**PRINCE & PRINCE v. SULLIVAN et al.**

No. 16772—Opinion Filed May 17, 1927.

(Syllabus.)

1. **Appeal and Error—Conclusiveness of Findings in Law Action Tried to Court.**

In an action on contract, where a jury is waived, judgment of the court will not be disturbed on appeal, where there is any competent evidence reasonably tending to support the findings and judgment of the court.

2. **Mines and Minerals—Cotenant Owners of Oil Lease not a Mining Partnership—Nonliability on Drilling Contract Executed by One Cotenant Alone.**

Plaintiff made a contract with one of several cotenants and owners of an oil and gas mining lease to drill a well on said lease, without the acquiescence or agreement of the other cotenants to be bound by said contract, and performed said contract. In an action to recover balance due under said contract, held, that the cotenants were not parties to said contract and are not liable thereon, and that the same does not constitute a mining partnership.

Error from District Court, Stephens County; A. S. Wells, Judge.

Action by Prince & Prince, a copartnership, against John L. Sullivan and others. Judgment for plaintiffs against only two defendants, Sullivan and Chelf, and plaintiffs bring error. Affirmed.

H. W. Sitton and C. M. Anderson, for plaintiffs in error.

Womack, Brown & Cund, J. H. Foster, and H. B. Lockett, for defendants in error.

CLARK, J. This action was commenced in the district court of Stephens county by plaintiffs in error, plaintiffs below, Prince & Prince, a copartnership composed of R. P. Prince, J. L. Prince, and E. B. Prince, against the defendants in error, who were defendants below.

Plaintiffs' petition charged that the plaintiffs had entered into an oral contract with defendants to drill certain oil and gas wells on a lease owned by said defendants on the Nelson farm described in plaintiffs' petition. Plaintiffs alleged that pursuant to said contract they had drilled two wells on said oil and gas mining lease, property of said defendants.

Plaintiffs further alleged that said defendants constituted a mining partnership.

Defendants J. L. Edge and George L. Pace filed a general denial. Defendant George L. Pace filed a separate answer in which the said George L. Pace denied all allegations contained in plaintiffs' petition, and for affirmative defense, that defendant Pace expressly informed said defendant John L. Sullivan and plaintiffs, Prince & Prince, that he was unable and could not be a party to such a drilling contract and that he was unable to be and could not be bound to pay under the terms thereof, and that in accordance with such information given by this defendant to the said John L. Sullivan, one of the defendants herein, and the said Prince & Prince, plaintiffs herein, the said Prince & Prince proceeded to enter into a drilling contract with the said John L. Sullivan, the exact facts of which the defendant Pace had no knowledge.

The matter came on for trial, jury was waived, evidence introduced by plaintiffs and defendants, and the court found for plaintiffs in amount sued for against John L. Sullivan and F. T. Chelf, and in favor of the defendants J. L. Edge and George L. Pace.

Plaintiffs filed a motion for a new trial, which was overruled, and in due time brought the cause here for review.

Four assignments of error are contained in petition in error of plaintiffs, but in their brief they confine their argument to two propositions, as follows:

(1) That the evidence and law does not sustain the judgment, and the motion for a new trial should have been sustained.

(2) Testimony admitted over the objection of plaintiffs in error was highly prejudicial and was not admissible and taken into consideration by the court in rendering its judgment.

Plaintiffs do not argue the second proposition in their brief. We therefore consider it abandoned.

Under the first proposition plaintiffs next contend:

(1) That the evidence sustained plaintiffs' allegations that defendants were a mining partnership and that the judgment should have been rendered in favor of the plaintiffs as against all the defendants.

(2) That under the theory of the defendants Edge and Pace that they were merely cotenants and could be bound only to the extent of their interest in the production, and that the burden devolved upon them to prove that their shares of the production turned over to the defendant Sullivan were applied to the payment of plaintiffs' debt, and that judgment should have been rendered against them upon their failure to discharge such burden.

The evidence disclosed that defendant

Sullivan owned 2/5ths interest in said oil and gas lease and that defendants Pace, Chelf, and Edge owned a 1/5th interest each in said lease; that plaintiffs made the contract for drilling said property with the defendant Sullivan.

Evidence further disclosed that defendants Edge and Pace refused to enter into said contract, and that it was a contention of defendant Pace that he so informed plaintiffs.

Plaintiffs' evidence discloses that a written agreement was prepared and that defendants Edge and Pace refused to sign same and also refused to sign notes evidencing the balance due plaintiffs.

The first proposition, "Did the evidence prove a mining partnership?" Plaintiffs base their cause of action on the theory that defendants were a mining partnership. The court found defendants were not a mining partnership on the —day of August, 1921, or at any time, as alleged by plaintiffs, for any purposes of making a contract with the plaintiffs herein on the contractual obligation alleged by the plaintiffs as against said defendants as a mining partnership.

The court further found that defendants Pace and Edge had in all things complied with their contract to deliver to plaintiffs the proceeds of the production upon said Nelson lease as agreed by them in full.

The testimony in said case fails to establish a mining partnership. In the case of Barrett v. Buchanan et al., 95 Okla. 262, 213 Pac. 734, the first paragraph of the syllabus reads as follows:

"Where tenants in common co-operate in developing a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits or losses, they constitute a mining partnership."

It appears from the evidence in this case that defendants Edge and Pace never agreed to pay their part of the expenses of the drilling, and that therein is the lacking to constitute a mining partnership. It is true that there is conflicting evidence as to this agreement.

This being a law case, and a jury waived, the findings of the court will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same.

It is next contended by plaintiffs in error that defendant Sullivan was acting as agent of defendants. The defendants Edge, Pace, and Chelf testified that there was no agreement that Sullivan should manage the lease for them; that Edge and Pace had no knowledge of the deal between plaintiffs and Sullivan.

It further appears that sufficient funds had been collected by plaintiffs to pay for the first well. That a new and different contract was made for the second well, and according to testimony of plaintiffs, plaintiffs had not been able to get Edge and Pace to sign the contract for drilling the first well, which they refused to do. It appears that the sum paid for the first well was $6,000, when the entire contract price for the first well was $6,100. This action was for the balance of the total account, which is substantially the price of drilling the second well.

Burton Prince, one of the plaintiffs herein, testified:

"We had a separate contract for the second well. Mr. Sullivan told us that they were going to take bids on this well and we bid $2.75."

The evidence failing to establish a mining partnership and failing to prove that Sullivan was agent of defendants, the court committed no error in finding for the defendants Edge and Pace.

Judgment of the trial court is affirmed.

MASON, V. C. J., and PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 879, §2853. (2) 40 C. J. p. 1147, §799.