## OKMULGEE BUILDING & LOAN ASS'N v. CUTLER.

No. 26396.   Nov. 19, 1935.

Steele & Boatman, for plaintiff in error.

E. F. Maley, for defendant in error.

BAYLESS, J.  The plaintiff in error, the Okmulgee Building & Loan Association, a corporation, was defendant in an action in the district court of Okmulgee county, Okla., in an action instituted by the plaintiff, C. E. B. Cutler, who is defendant in error herein.  The parties will be referred to as they appeared in the trial court, except where it is necessary to specify them by name. The judgment of the trial court was in favor of the plaintiff, and the defendant appeals to this court.

The plaintiff alleged that he was an attorney at law at Okmulgee, Okla., and under a specific contract with the defendant filed some 16 lawsuits on behalf of the defendant against various persons for the foreclosure of mortgages held by the defendant.  He alleged, further, that the terms of the contract with the defendant with reference to his compensation were that upon the filing of a foreclosure action he was to be paid one-half of the attorneys' fees provided for in the note and mortgage. He alleged, further, that after the filing of these suits the defendant broke the contract it had with him, employed other counsel to complete said lawsuits, and refused to pay him the fees due in said action, amounting in all to $1,651.55, although he was ready, able, and willing at all times to complete the services on behalf of the defendant as contracted for.

The answer of the defendant set up several defenses, among them being:  First, a denial of the contractual relation; second, a denial of the services; and, third, allegations with reference to a contract which it had with another attorney to perform said services, by reason of which and other matters in connection therewith it was not indebted to the plaintiff as alleged.  There was a cross-petition for the sum of $250 alleged to be due from the plaintiff to the defendant for rent of certain offices occupied by the plaintiff.  By stipulation of the parties the cause was tried to the judge without the intervention of a jury.

The first assignment of error is that the court erred as a matter of law in holding that the plaintiff had an enforceable contract with the defendant.  The contention of the defendant hereunder is that by the provisions of its by-laws there should be a general counsel, duly appointed by the board of directors, and in the absence of said general counsel an assistant should be appointed by the board of directors to perform his services.  The defendant produced the records of the association to show that one John F. Lawrence was its duly appointed and authorized general counsel and that no one had been authorized to act as his assistant, and further to show that it had no contractual relation with the plaintiff.  The plaintiff showed by the said John F. Lawrence and by the son of said Lawrence, who was secretary and managing agent of said defendant association, and by his own testimony that sometime about 1924 he entered into an oral agreement with the secretary and managing agent of the defendant to render certain services for the association, including the foreclosure of mortgages, and that his compensation for these services should be a sum equal to one-half of the attorneys' fee provided for by the notes and mortgages upon which he filed suits for foreclosure. The plaintiff further showed that under the terms of this oral contract he performed services for the defendant over a period of about seven years, including the work he had done up-

on the suits in question, and that the association had accepted these services, had paid for all of these services except the services in connection with the suits sued upon, and that the directors and officers of the defendant association knew of his relation thereto and accepted and approved the same by their acts and conduct. In our opinion, the trial court did not err when it found and held from this evidence that the plaintiff had an enforceable contract with the defendant as to the causes of action pleaded in his petition.

The second assignment of error is that the trial court erred in refusing to permit the defendant to reduce the amount of the plaintiff's recovery by offsetting thereagainst the sums of money which defendant had paid to counsel employed by it to complete the suits mentioned in the plaintiff's petition. The theory of the defendant in this connection is that it had no contract with the plaintiff, and it attempted to show that it did not know of plaintiff's claim to act as its attorney until it had employed other counsel, and for these reasons it should be allowed to reduce the amount of the plaintiff's recovery. The plaintiff's theory is that he had a definite contract, that he was discharged and prevented from the completion of said services without legal reason, and that he was ready, able, and willing to perform said services. The evidence shows that sometime in the latter part of April, 1931, the defendant association was in financial difficulties and there was a change in the membership of the board of directors, and in the officers, and especially in the office of secretary and managing agent. The new secretary and managing agent testified that when he took charge he could find nothing in the record of the association to indicate that the plaintiff had any relationship to it. He testified, however, that the defendant proceeded to make arrangements for other counsel after he had knowledge that the plaintiff had rendered services in connection with these suits; and he did not anywhere testify that the defendant dispensed with plaintiff's services because they were unsatisfactory or because of the plaintiff's appointment to an official position in the state government. The plaintiff testified positively that when the change in the management of the association took place he was positively informed that his services were no longer needed nor acceptable and that the defendant intended to make other arrangements for legal counsel. It is clear from the evidence that the plaintiff turned over to the defendant and its new counsel all of the files with relation to these cases, and that the work which he had done was utilized by them in the sense that the cases were completed by the new counsel from the point where the plaintiff left off. In the trial of this case, it being one at law, the findings of the judge are entitled to the same weight and credit as would be the verdict of a jury (Prudential Ins. Co. v. Ward, 135 Okla. 117, 274 P. 648); and where a jury is waived and the issues are submitted to the trial court, the findings of the trial court will not be disturbed by the Supreme Court if there is any evidence reasonably tending to support the same (Prince & Prince v. Sullivan, 124 Okla. 298, 256 P. 23). The rule of law applied by the trial court under the record before us is that announced by this court in White v. American Law Book Co., 106 Okla. 166, 233 P. 426, wherein we said:

"Where an attorney is employed at an agreed compensation and fully performs his agreement until discharged without cause, the measure of his damages is the compensation named in the contract."

In our opinion, every essential element for recovery stated in this quotation, and allowed by the trial court, is supported by evidence.

The third assignment of error is that the trial court erred in sustaining the plaintiff's demurrer to the defendant's evidence. If there had been a jury in this case, it would have been error to sustain this demurrer, but, on the other hand, we cannot say that the court would have sustained it if there had been a jury. In other words, there was a conflict in the evidence upon the issues of fact presented, but when the trial court sustained the demurrer he did nothing more than resolve the conflict in favor of the plaintiff. If any error was committed, it was harmless under the circumstances.

Judgment affirmed.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.