## M. T. SMITH & SON v. GULF PRODUCTION CORPORATION.

No. 27199.    Oct. 11, 1938.

Hunt & McClure, W. G. Long, and C. H. Bowie, for plaintiff in error.

Frederick J. Hoyt, Fred L. Hoyt, and A. H. Dolman, for defendant in error.

WELCH, J. This is an appeal from the district court of Oklahoma county. The parties appear here in the order of their appearance in the district court and will be referred to as plaintiff and defendant.

The action is to recover an alleged balance due under contract to drill an oil well. The well to be drilled to a depth of 6,500 feet, or through the Wilcox sand, unless oil and gas was found in paying quantities at a lesser depth. The contract provided for the payment of $16,000 cash in various installments, and $75,000 in oil to be produced by the well when completed.

It is alleged that the well was completed in accordance with the contract as a producing oil well, and that the defendant and others acting with defendant ousted plaintiff and took possession thereof on February 6, 1932. That no part of the contract price had been paid to plaintiff except $9,628.60 in cash. Plaintiff sought judgment in the sum of $81,587.50, with interest.

The defendant by counterclaim sought judgment against the plaintiff for $100,000

damages for alleged failure to properly drill the well, and for $2,649.30 alleged overpayments.

The cause was tried to the court without a jury, resulting in the judgment of the court denying recovery to both parties and taxing the costs against the plaintiff.

The principal defense interposed was that the well was not completed in a workmanlike manner as contemplated by the terms of the contract as interpreted by the parties, and that as a result the well did not produce as it should.

The issues here are presented by plaintiff under the three following propositions:

"First. Where parties enter into a valid contract for the performance. of the contract by one party and the payment of a consideration for the performance of the contract by the other party, and the party performs his part of the contract, or such performance is prevented by the other party, the party who performs his part of the contract, or is prevented from performing the contract by the acts of the opposite party, is entitled to recover upon the contract.

"Second. A party who enters into a contract with another party for the drilling of an oil well and where the party that the well was drilled for takes the well over without any complaint as to a breach of the contract or defects. if any, and makes payment upon the contract price several months after the well was drilled in, and taken over, the owner of the well waives any defect or breach in the con'ract. if any, and is estopped from setting up any defect or breach of the contract.

"Third. That a person that is interested in a contract cannot testify as to conversations made with a party to the contract during the lifetime of a deceased person."

Upon the first proposition it is shown by the evidence the well was drilled in proven territory and that the wells surrounding this one were large producers, producing several times the amount of oil which was produced by this one when the plaintiff discontinued work on the same. There is evidence to the effect that the present well was not drilled to a sufficient depth into the oil sand; that under the contract as interpreted by the parties the plaintiff assumed the responsibilities of determining the correct depth to drill, and that plaintiff set casing, bailed the well in, and removed the rotary drilling tools from the well; after which it was determined by the parties that the well was not drilled deep enough, and plaintiff made an effort to drill the same deeper with cable tools, which effort was unsuccessful, due to excessive gas pressure, and that thereafter plaintiff made no further efforts to drill the same to the proper depth. There is evidence to the effect that the defendant desired the plaintiff to complete the well and did not oust plaintiff as alleged.

The trial court heard evidence at length on the issues involved, and its general finding against plaintiff should not be disturbed, since there is competent evidence reasonably tending to support the same. Prince & Prince v. Sullivan et al., 124 Okla. 298, 256 P. 23, and Watashe v. Tiger, 88 Okla. 77, 211 P. 415.

Although the evidence is conflicting on the issues presented, the determination of the questions of fact is for the trial court, and this court will not weigh the evidence in cases of this nature. Adams v. Hansford, 130 Okla. 155, 265 P. 762.

We have carefully considered the evidence herein and conclude that the same reasonably supports the general findings of the trial court on such issues.

It is further urged that the well was taken over by the defendant without complaint as to a breach of the contract or defects, if any, and that defendant thereafter made certain payments under the contract and thereby waived any breach or defects and is estopped from setting up any defect or breach of contract. In this connection we observe that the record contains evidence that the well was not accepted by defendant, and although there is evidence that the defendant, through its agents, did operate the well, the same further shows that the well did not produce satisfactorily and plaintiff for some time continued efforts to cause the apparent defects therein to be remedied. The circumstances here shown fully justified the trial court in concluding that the defendant was not estopped from claiming damages and refusing further payment by reason of breach of the contract.

It is urged that the trial court erred in receiving the testimony of one of the witnesses who was managing agent of the defendant in certain dealings had with M. T. Smith regarding the contract and the drilling of the well. It appears that M. T. Smith had active charge of plaintiff's affairs here involved, and he had died before the trial. It is asserted that the witness was incompetent to testify by reason of section 271, O. S. 1931. The statute relied upon prohibits one, who is a party to the action, from testifying regarding transac-

tions and communications had with a deceased person, under the circumstances therein named. The witness in this instance was not a party to the action, and therefore the inhibitions of the statute do not apply. Chickasha Compress Co. v. Southern Burner Co., 159 Okla. 107, 14 P.2d 367.

Finding no error, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.