MOUNT, Gdn., et al. v. SCHULTE.

No. 30798.   Sept. 28, 1943.

Rehearing Denied Dec. 7, 1943.

*143 P. 2d 424.*

Long & Long, of Pauls Valley, for plaintiffs in error.

W. F. Schulte, of Ada, for defendant in error.

PER CURIAM. This is an appeal from a judgment which was rendered in favor of intervener in an action brought to cancel conveyances and to quiet title to a tract of land in Pontotoc county. The action was instituted by H. B. Mounts, guardian of Leo Scott, Lorene Scott, and Billy Scott, minors, and Velma Massey, nee Scott, and A. M. Scott, individually, against J. G. Breco et al. W. F. Schulte intervened in said action claiming a lien upon the interest of A. M. Scott in the lands, the title to which plaintiffs were seeking to have quieted. The intervener alleged that 'his lien had been created by a contract which A. M. Scott had executed on April 26, 1937, and under which intervener and another had been employed to perform certain services as attorneys at law in connection with anticipated litigation over the lands here involved for an agreed fee of $1,250 which was evidenced by note of even date with said contract and which sum was secured by a lien on the interest of A. M. Scott in the lands involved; that the contract provided that the sum evidenced by the note should not become due until final judgment had been rendered in the litigation which was anticipated would be necessary. The intervener further alleged that he and the other party to said contract had endeavored to perform each and all of the matters required of them by said contract, but had been prevented by A. M. Scott from so doing, and that the amount due under the contract had thereupon become absolute, and that the other party to said contract had then assigned his interest in said sum and the lien given by said contract to the intervener, who was at the time of filing said petition in intervention the absolute owner thereof. Motion to strike the petition in intervention was overruled, and thereupon A. M. Scott filed an answer in which, after a general denial, he alleged that the sum evidenced by the note and secured by the lien of the contract had not become due, and that therefore the action of intervener was premature. Trial of the issues thus framed between intervener and A. M. Scott was had by

agreement, without the intervention of a jury, to the court. The parties stipulated to most of the essential facts, and from such stipulation and the evidence adduced at the trial it was disclosed that A. M. Scott had executed the contract and note and had shortly thereafter become dissatisfied, and in July, 1937, had, at the point of a gun, forced the intervener to surrender the note and contract and had thereafter employed other attorneys to conduct the litigation which by said contract he had employed intervener and the other party thereto to perform. The evidence was in conflict chiefly with respect to the amount of services which the inter-- vener and the other attorney had performed under the contract before its forced surrender and with respect to the reasons which had actuated the said A. M. Scott to pursue the course which he had in the matter. The court found from the stipulation and evidence so adduced that intervener and his associate had at all times prior to July, 1937, been ready, able, and willing to perform all the services required of them under the contract, and that they had been prevented by the said A. M. Scott from thereafter doing anything further, and that by reason of such acts on the part of the said A. M. Scott the amount agreed to be paid and evidenced by the note had become fully due, and that said amount was secured by the terms of the contract upon the one-third interest of A. M. Scott in the lands in controversy, and that the intervener had acquired the entire interest in said money and the lien created by the contract, and rendered judgment for intervener in accordance with said findings. Motion for new trial filed within the statutory period and a subsequent motion for new trial filed after the expiration of said period, and which made no reference to the former motion, were overruled. The appeal is from the judgment upon the issues between intervener and A. M. Scott.

Preliminary to a discussion of the grounds urged for reversal, it is necessary to consider motion of the defendant in error to dismiss the appeal. This mo-

tion, based upon the theory that filing of the subsequent motion for new trial superseded the former motion, and, being without time, left no motion pending, and, upon the theory that the case-made has to contain all of the evidence adduced at the trial, was denied by order. Defendant in error again presents it in his brief. While this is permissible in the absence of an order to the contrary, it will not be necessary to enter into any elaborate discussion of the matter. It suffices to say that the rule which defendant in error seeks to invoke relative to filing of pleadings does not apply to motion for new trial; see Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067; and that failure of a case-made to contain the entire record is not necessarily grounds for dismissal of appeal. See Seibold v. City of Muskogee, 155 Okla. 81, 8 P. 2d 35.

Plaintiff in error as grounds for reversal of the judgment makes, in substance, the following contentions: (1) Motion to strike petition in intervention should have been sustained; (2) the action of intervener was prematurely brought; (3) recovery of the fee agreed upon was improper since Scott had the right to terminate the contract; (4) any recovery allowed should have been based upon the quantum meruit; (5) the contract being one for personal service, any assignment thereof could not be had.

Under the first contention plaintiff in error urges that the intervener was seeking to recover upon a separate and independent action which had no connection with the issues to be determined in the action for cancellation and to quiet title. In support of the contention so made, plaintiff in error cites Pomeroy's Equity Jurisprudence, vol. 4, § 1322; Goodrich v. Williamson, 10 Okla. 588, 63 P. 974; and note to 35 Am. Dec. 695. An examination of the cases and authorities cited will reveal that they are applicable to situations where the relief sought by an intervener has no relation to the justiciable issues involved in the case in which it is sought to intervene. In the case at bar the intervener was asserting an interest in the subject matter of the litigation and adverse to one of the plaintiffs seeking to have title thereto quieted. Under these circumstances, intervention could properly be permitted. Morton v. Baker, 183 Okla. 406, 82 P. 2d 998; White v. McGee, 149 Okla. 65, 229 P. 222; Sizemore v. Dill, 93 Okla. 176, 220 P. 352.

It is next contended that, since the contract provided "that it is the intention of the parties hereto that the said note shall not be due until the final judgment in the said suit to be brought, or defended, by second parties in behalf of first party," that the foregoing provision rendered the claim to the fee agreed upon contingent upon the happening of the event, and that, since the event provided did not happen, intervener could not maintain an action therefor prior to such condition being fulfilled. We are cited to Franklin v. Parks, 77 Okla. 280, 188 P. 334; 12 Am. Jur. 849, § 296; Cole v. Addison, 153 Ore. 688, 58 P. 2d 1013, 105 A. L. R. 897; Thomson v. Kyle, 39 Fla. 582, 23 So. 12, as supporting the contention so made. An examination of the cases and authorities so cited will reveal that they are wholly without application to the facts involved in the case at bar. A party to a contract may not by his deliberate act prevent the happening of a condition therein and then take advantage of the condition to defeat liability upon the contract. See Chilton v. Oklahoma Tire & Supply Co., 180 Okla. 39, 67 P. 2d 27; Empson Packing Co. v. Clawson, 43 Colo. 188, 95 P. 546; National Supply Co. v. United Kansas Portland Cement Co., 91 Kan. 509, 138 P. 599; Scott v. Hubbard, 67 Ore. 498, 136 P. 653. The trial court found that the happening of the condition upon which the amount agreed to be paid should become due had been prevented by the deliberate act of A. M. Scott, and there is evidence in the record to support the finding. The action of the intervener was not premature under the conditions shown to exist.

It is next urged that the contract was a contingent one and A. M. Scott had a

right to terminate the same subject only to liability in an action for damages for breach of contract. In support of the contention so made plaintiff in error cites Bowman v. Ledbetter, 173 Okla. 345, 48 P. 2d 334. An examination of the cited case will reveal that it differs both upon fact and principle from the case at bar, since, in the case at bar, the amount agreed to be paid was not contingent upon any recovery as was the situation in the Bowman v. Ledbetter case, supra. And further, that the contract involved in the case at bar gave to the intervener a present vested interest in the lands which were the subject of litigation.

It is next contended that any recovery allowed should have been based upon quantum meruit. Under this contention plaintiff in error relies upon First National Bank & Trust Co. of Tulsa v. Bassett, 183 Okla. 592, 83 P. 2d 837, and seeks to differentiate and to avoid the effect of White v. American Law Book Co., 106 Okla. 166, 233 P. 426; Okmulgee Bldg. & Loan Ass'n v. Cutler, 174 Okla. 614, 51 P. 2d 709; Roxana Pet. Co. v. Rice, 109 Okla. 161, 235 P. 502. We are of the opinion that under the facts presented in the case at bar the applicable rule is that announced in White v. American Law Book Co., supra, wherein it was said:

"Where an attorney is employed at an agreed compensation and fully performs his agreement until discharged without cause, the measure of his damages is the compensation named in the contract."

The final contention of plaintiff in error is that the contract, being one of personal services, could not be assigned, and therefore intervener could not acquire the interest of his associate in said contract. In support of the contention so made plaintiff in error cites Hilton v. Crooker, 30 Neb. 707, 47 N. W. 3, which is authority for the rule that a contract for personal services cannot be assigned without the assent of the client. The rule contended for would be sound if an assignment of the contract for services was involved. The

assignment was merely of the fee due under the contract. The matter of further performance has been eliminated by the acts of the plaintiff in error. Assignment under these circumstances is permissible. See 2 R. C. L. 602, § 11. The record which has been brought here presents no reversible error.

Judgment affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., absent.