## DAVIS v. ESTES.

No. 1303—5798.

Commission of Appeals of Texas, Section B.

Jan. 6, 1932.

Ernest Belcher, of Stephenville, and George Clark, of Waco, for plaintiff in error.

Chandler, Keith & Chandler, of Stephenville, Ocie Speer, of Austin, and Estes & Estes, of Granbury, for defendant in error.

LEDDY, J.

Plaintiff in error was awarded damages for personal injuries sustained by reason of a collision of the automobile which he was driving with an automobile driven by defendant in error.

One of the defensive pleas urged by defendant in error was that the injuries sustained by plaintiff in error were the proximate result of his violation of the provisions of article 794 of the penal statutes of this state in driving his car at a rate of speed in excess of 15 miles per hour while he was attempting to pass defendant in error's car upon a public highway.

The court submitted the issue covered by this plea in the following form:

"Special Issue No. 26. Did the plaintiff Elmer Davis attempt to pass the defendant B. M. Estes at the time and place on said highway or street at a rate of speed greater than 15 miles per hour?

"Special Issue No. 27. If you have answered Special Issue No. 26 in the affirmative, then answer the following special issue; otherwise you need not answer: Was the act of plaintiff Elmer Davis in attempting to pass the defendant B. M. Estes at the time and place on said highway or street at a rate of speed greater than 15 miles per hour, if he did do so, negligence as that term has been defined to you?

"Special Issue No. 28. If you have answered Special Issue No. 27 in the affirmative, then answer the following special issue; otherwise you need not answer: Was such negligence on the part of Elmer Davis, if any, the proximate cause, or a proximate contributing cause to his injuries, if any, sustained in the collision?"

Defendant in error timely presented the following objections to the above issues:

"The defendant objects to special issue No. 27 because the same is on the weight of the evidence and advises the jury of the effect of their answer to issue No. 26."

"The defendant objects to special issue No. 28 because the same is on the weight of the evidence and advises the jurors of the effect of their answers to special issue No. 27, and assumes facts which are controverted issues in this case, and because an affirmative answer to issue No. 26 would make the defendant guilty of negligence per se in law."

He also seasonably requested the court to give the following special issues:

"Special Issue No. 4. As plaintiff approached and attempted to pass the defendant and his motor vehicle at the time and place of the collision between plaintiff's and defendant's cars, was he traveling or going at a rate of speed in excess of 15 miles per hour?

"(g) If in answer to Special Issue Number

4 your answer is 'Yes', then was the speed at which plaintiff attempted to pass defendant's car the proximate cause of his injuries and damage, if any?"

The trial court refused these requested special issues, and error thereon has been properly assigned.

The jury answered special issue No. 26 in the affirmative, No. 27 in the negative, and, acting under instructions by the court, made no answer to issue No. 28.

The Court of Civil Appeals reversed and remanded the cause, holding that the trial court's charge was erroneous in submitting to the jury the issue as to whether the violation by the plaintiff in error of article 794 constituted negligence, and further holding that defendant in error's special issues Nos. 4 and g should have been given.

■ Plaintiff in error contended in the Court of Civil Appeals, and now contends, that defendant in error's objection to the court's charge was insufficient upon which to predicate its assignment of error complaining of the correctness of the charge. We conclude, however, that the objections to special issues numbers 27 and 28, when considered in connection with the special issues requested by defendant in error, were sufficient to call the attention of the trial court to the fact that defendant in error was insisting that a violation of article 794 upon the part of plaintiff in error was negligence per se, and that defendant in error was entitled to have the jury determine whether such negligence caused or contributed to bring about his injury.

The jury found that plaintiff in error, when attempting to pass the car driven by defendant in error, was traveling at a rate of speed in excess of 15 miles per hour. This finding rendered him guilty of negligence per se; hence it was clearly erroneous for the trial court to permit the jury to determine whether such act was negligence. Railway Co. v. Wilson, 60 Tex. 142; T. & P. Ry. Co. v. Baker (Tex. Com. App.) 215 S. W. 556; Hess v. Denman Lbr. Co. (Tex. Civ. App.) 218 S. W. 162.

In our opinion, the jury should have been permitted by the court's instruction to determine whether plaintiff in error's negligence in operating his car in excess of the speed permitted by law caused or contributed to bring about his injuries.

Plaintiff in error insists that the failure to submit the special issues requested by defendant in error was proper for the following reasons:

(1) Because article 794 of the Penal Code, under which this defense was sought to be submitted, is unconstitutional, in that its terms are too vague, indefinite, and unintelligible to define a penal offense under the laws of this state.

(2) That if the statute be valid it has no application to any situation except where an automobile is passing another car parked or standing on the highway.

(3) That the undisputed evidence shows that plaintiff in error's operation of his automobile at a rate of speed in excess of 15 miles per hour when attempting to pass the automobile operated by plaintiff in error was not a proximate cause of the collision.

Article 794, the constitutionality of which is challenged by the plaintiff in error, reads as follows: "All operators of motor vehicles in passing each other on the public highways shall slow down their speed to fifteen miles per hour. Any person who violates this article shall be fined not to exceed one hundred dollars."

■ The language "motor vehicles when passing each other" negatives the idea that the statute has any application to a situation where one car passes another which is parked or standing on the highway. Under such circumstances, the cars could not in any sense be said to be "passing each other." Nor do we think the statute can be fairly construed to apply to cars passing each other when both cars are traveling in the same direction. Such a construction would render it impossible of enforcement; for if two cars traveling in the same direction both slow down to the maximum speed permitted by the statute, one of the cars could not pass the other without exceeding the speed limit therein provided.

■ It is a familiar rule of construction that, if a statute be subject to two interpretations, it should not be given one that would render it impossible of enforcement. Am. Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019; Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600.

■ We think the terms of the statute are sufficiently clear and specific to define a penal offense within the requirements of the provisions of the Constitution of this state. Properly construed, it plainly means that, when two automobiles traveling in opposite directions upon a public highway attempt to pass each other, the operators of both vehicles must slow down the speed to a rate not in excess of 15 miles per hour.

■ We cannot sustain plaintiff in error's insistence that the undisputed evidence shows the operation of his automobile at a rate of speed in excess of 15 miles per hour in attempting to pass the automobile driven by defendant in error was not a proximate cause of the collision. Defendant in error introduced evidence tending to show that plaintiff in error in attempting to pass his car was travel-

ing at a rapid rate of speed; some witnesses fixing it as high as from 35 to 40 miles an hour. Assuming that defendant in error was guilty of negligence in the respect complained of, yet the finding was justified that if plaintiff in error had not been operating his car at a rate of speed in excess of that permitted by law the collision might have been averted.

Finally, it is contended by plaintiff in error that the finding of the jury that defendant in error was guilty of negligence proximately causing the injury complained of by driving his car on the wrong side of the road at the time of the collision precludes the idea that the jury would have found that plaintiff in error's negligence in operating his car at a rate of speed in excess of that permitted by statute, was a proximate cause of the collision, and therefore no harm could have resulted to defendant in error in refusing the special issues requested.

We have repeatedly held that the fact that the findings of a jury upon a plaintiff's issues may negative the existence of a defensive special plea is no excuse for refusing to submit such issue when the same is raised by the evidence. In determining whether a defendant's special defense is raised by the evidence and entitled to be affirmatively submitted to the jury, the subsequent findings of the jury upon plaintiff's issues cannot be taken into consideration. If a defendant pleads a special defense, and there is evidence in the record supporting such plea, he is entitled to have the same affirmatively submitted for the determination of the jury, and this regardless of whether the findings subsequently made upon plaintiff's issues may negative the existence of such defense. Northern Tex. Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276.

We conclude that the judgment of the Court of Civil Appeals reversing and remanding the cause for another trial was a proper one, and therefore recommend that the same be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals reversing that of the district court is affirmed, as recommended by the Commission of Appeals.