## TEXAS CO. v. BETTERTON et al.
### No. 2287.

Court of Civil Appeals of Texas. Beaumont.
Jan. 25, 1933.

Rehearing Denied Feb. 1, 1933.

Lamar Cecil, of Beaumont, and Hunt & Hunt and H. G. Butts, all of Houston, for appellant.

C. A. Lord, of Beaumont, Xavier Christ, of Pt. Arthur, and B. C. Johnson, of Houston, for appellees.

WALKER, C. J.

Appellee Mrs. Amelia Betterton brought this suit against appellant, the Texas Company, for damages for negligently killing her husband, A. P. Betterton. Leslie Betterton intervened, claiming damages as.a dependent minor son of the deceased, A. P. Betterton. Other children intervened, but they went out of the case on the verdict of the jury, and nothing is before us regarding their interests.

A. P. Betterton was killed on or about the 30th day of May, 1931, in a collision on West Sixteenth street in the city of Port Arthur between an automobile, which Betterton was driving, and one of appellant's trucks, being driven at the time by Knockout Brown, one of its servants. Just prior to and at the time of the collision, Betterton was driving his automobile east on West Sixteenth street, and appellant's truck was being driven west. Ahead of Betterton, just before the time of the collision, were parked two automobiles on the right-hand side of the street. As he drove up to these parked cars, he turned to his left and collided with appellant's truck. A short distance behind appellant's truck, driving in the same direction with the truck, was another car. The principal grounds of

negligence pleaded by appellees were (a) "at the time of the collision" appellant's truck was being driven at "a greater rate of speed than fifteen miles per hour"; and (b) "at the time of the collision" appellant's truck was being driven partly on the left-hand side of the street. Appellant's answer was by general and special demurrers, general denial, and by special pleas of contributory negligence. The jury convicted appellant of negligence on the two issues just stated, and found further that each of these grounds of negligence was a proximate cause of Betterton's death. The verdict was in favor of appellees on all issues of contributory negligence submitted to the jury. Damages in favor of Mrs. Betterton were assessed at $10,000, and in favor of the minor, Leslie Betterton, at $2,000, and judgment was accordingly entered in their favor, from which this appeal was duly prosecuted.

### Opinion.

■ Appellant insists that the two issues submitted to the jury (a) as to whether or not its truck, at the time of the collision, was being driven at a greater rate of speed than fifteen miles per hour, and (b) as to whether or not, at the time of the collision, it was being operated on the left-hand side of the street, submitted only evidentiary issues and not determinative issues, and that the answers to these questions, with the supporting findings on the issue of proximate cause, were insufficient to support the judgment in favor of the surviving wife and the minor son, appellees herein. Appellant does not contend that these issues were not raised by the evidence, but only that the jury's answer thereto did not convict it of actionable negligence. If we understand appellant's argument, as it relates to the rate of speed, the point is made that the motor vehicles came together in a head-on collision and were not "passing" each other at the time of the collision. Article 794 of the Penal Code is as follows: "All operators of motor vehicles in passing each other on the public highways shall slow down their speed to fifteen miles per hour."

We do not believe appellant has correctly construed this article. The motor vehicles came together in a head-on collision. The evidence raised the issue that they were both in motion and were *attempting to pass* each other at the time of the collision. In Davis v. Estes, 44 S.W.(2d) 952, 954, the Commission of Appeals held that these facts invoked the provisions of article 794. It was there said: "The jury found that plaintiff in error, *when attempting to pass* the car driven by defendant in error, was traveling at a rate of speed in excess of 15 miles per hour. This finding rendered him guilty of negligence per se; hence it was clearly erroneous for the trial court to permit the jury to determine whether such act was negligence.

Railway Co. v. Wilson, 60 Tex. 142; T. & P. Ry. Co. v. Baker (Tex. Com. App.) 215 S. W. 556; Hess v. Denman Lbr. Co. (Tex. Civ. App.) 218 S. W. 162." (Italics ours.)

As appellant's truck, under the verdict of the jury, was being driven at a greater rate of speed than fifteen miles at the time of the collision, negligence followed as a matter of law. Davis v. Estes, supra. On this issue the court, in West Texas Coaches, Inc., v. Madi (Tex. Civ. App.) 15 S.W.(2d) 170, 175, said:

"Conceding the facts to be that at the time of the collision the appellant's coach was proceeding at a speed in excess of 15 miles per hour, that would clearly make against the appellant a case of negligence per se under the above article, and nothing would remain for the jury to pass upon, except the determination of whether such speed at such time and place proximately caused the death of John Madi. Exceeding the statutory rate of speed upon the highway is unquestionably negligence per se.

"* * * There is nothing vague or uncertain about this statute, and by its provisions it is negligence per se for the operator of a motor vehicle to pass an approaching one at a rate of speed in excess of 15 miles per hour. Upon the preceding issues the jury has found against the appellant, and we do not believe the complaint urged against their submission well founded."

That case was affirmed by the Supreme Court, 26 S.W.(2d) 199. See, also, Orchin v. Fort Worth Poultry & Egg Co. (Tex. Civ. App.) 43 S.W.(2d) 308, and 5 Tex. Jur. 719.

Subdivision (A), of article 801, reads as follows: "The driver or operator of any vehicle in or upon any public highway wherever practicable shall travel upon the right hand side of such highway. Two vehicles which are passing each other in opposite directions shall have the right of way, and no other vehicle to the rear of either of such two vehicles shall pass or attempt to pass such two vehicles. On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

Under the provisions of this statute, the finding of the jury that appellant's truck was being driven partly on the left-hand side of the street convicted it of negligence as a matter of law. Scott v. Carlos (Tex. Civ. App.) 13 S.W.(2d) 957; Shaver v. Mason (Tex. Civ. App.) 13 S.W.(2d) 450; 5 Tex. Jur. 714. In support of its contention that the act of driving its truck on the left-hand side of the street did not convict it of negligence as a matter of law, appellant advances the following argument: "In order to bring the act of The Texas Com-

pany truck in occupying any part of the left hand side of the highway within this statute so as to make such act a negligent act per se, the jury would also have to find that it was practicable for the driver to drive on the right hand side, or that it was impracticable for the driver to occupy such left part of the highway as he did and would also have to find that the road on the left hand side of such highway which he occupied was not clear and unobstructed for a distance of fifty yards ahead. Since the statute is a penal statute and prescribes that at certain times the right hand side of the highway may be used and the left hand side of the highway may be used, we think that it was necessary that the jury also find that it was not practicable for The Texas Company truck driver to use the part of the left hand side of the highway which he used and that such part which he did use was not clear and not unobstructed for a distance of fifty yards ahead. We earnestly contend that it was necessary for the jury to find these corollary facts before a finding that the Texas Company truck used a part of the left hand side of the highway could be a negligent act per se, or could be an act within the terms of Section 'A' of Article 801 of the Penal Code."

No exceptions were reserved by appellant as to the manner or form of submitting this issue to the jury. The unsubmitted issues, suggested by appellant's argument, were merely supplemental and incidental to the issue actually submitted. The evidence raised in favor of the judgment all the suggested issues. Under article 2190 all issues not submitted and not requested are deemed as found by the court in such manner as to support the judgment, where there is evidence to sustain such finding, when such issues are "supplemental or incidental to, and which support, the issues of fact which were submitted and found by the jury, and upon which the judgment is based." Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ After appellees closed their case and rested, and the defendant had closed its case and rested, the court permitted appellees to reopen their case and to adduce testimony, not "in rebuttal," but primary testimony upon the main issues. We overrule appellant's contention that this ruling was error. There is no suggestion of abuse of discretion by the court in this ruling, nor is there any suggestion of injury to appellant. The point is one merely of abstract law, and is to the effect that the trial court has no power to permit a litigant to reopen his case for the purpose of offering anything except rebuttal evidence. The authorities are against this proposition. Gulf, C. & S. F. Railway Co. v. Williams (Tex. Civ. App.) 136 S. W. 527; Galveston, H. & S. A. Railway Co. v. Brewer (Tex. Civ. App.) 4 S.W.(2d) 320; Scott v. Bonner (Tex. Civ. App.) 21 S.W.(2d) 54;

Sprowls v. Youngblood (Tex. Civ. App.) 23 S.W.(2d) 879; Magnolia Compress & Warehouse Co. v. Davidson (Tex. Civ. App.) 38 S.W.(2d) 634; 17 Tex. Jur. 373, § 128. To constitute error, the record must show affirmatively that the trial court abused its discretion in reopening the case or that the opposite party suffered affirmative injury from the court's ruling.

Having permitted appellees to reopen their case, under the circumstances just stated above, appellant insists that the trial court erred in refusing to permit it to reopen its defense by offering primary testimony, not in rebuttal of its defense, as made before closing the introduction of its evidence. The facts do not support this proposition. The trial court excluded certain evidence offered by appellant in rebuttal. But this ruling was not made upon the ground advanced by this proposition, but on the ground that the evidence tendered, for other reasons, was inadmissible. Appellant has no proposition complaining that the specific ruling made by the court was error.

■ There was no evidence offered by appellees on the issue of life expectancy of the deceased nor of the life expectancy of the beneficiaries. Because direct proof was not offered in support of these issues, appellant insists that the judgment was without support. This contention is overruled. The evidence showed the age of the beneficiaries and of A. P. Betterton at the time of his death, the amount of his earnings, his habits as to employment and earning capacity, the length of time he had been so employed, that he was healthy and worked regularly all the time, and his ability to contribute to his wife and minor son. From these facts the jury had the right to estimate and assess damages in favor of the beneficiaries, and they were not required to offer proof of their life expectancy nor of the life expectancy of the deceased. In Gulf, C. & S. F. Railway Co. v. Compton, 75 Tex. 667, 13 S. W. 667, 670, Judge Gaines, speaking for our Supreme Court, said: "Evidence of the probable duration of life by experts in the business of life insurance is admissible in such cases, but is not necessary. Our statute contemplates that the jury shall judge of this upon proofs being made of the party's age and physical condition." See, also, Missouri Pac. Railway Co. v. Lehmberg, 75 Tex. 61, 12 S. W. 838; Texas & P. Railway Co. v. Lester, 75 Tex. 56, 12 S. W. 955; Gainesville, H. & W. Railway Co. v. Lacy, 86 Tex. 244, 24 S. W. 269.

In this connection, it should be said that appellant has no proposition complaining that the verdict of the jury was excessive. The point made is only that the judgment was wholly without support because of this omission in the evidence. Gulf States Utilities Co. v. Moore (Tex. Civ. App.) 47 S.W.(2d) 488, 489, cited by appellant in support of this

proposition, does not control this proposition. Our ruling in that case was based upon the fact conclusion that "there was no evidence as to the age of his wife," and, based on this omission in the evidence, the proposition was, "The judgment is excessive and without adequate support in the evidence." The facts clearly distinguish this case from the Moore Case.

■ Appellant insists that the judgment of the lower court should be reversed because appellees injected into the case the fact that it carried indemnity insurance. This contention is overruled. Appellant had tendered to appellees' witness Broussard a written statement which he had signed. Appellees asked the witness the following questions, and it is upon this statement that this proposition is based:

"Q. Is it true? Who wrote that statement? Did you write it? A. I didn't write it.

"Q. Who wrote it? A. The insurance agent, the one that represented the insurance company of the Texas Company.

"By Mr. Butts: Q. Just a minute. A. (Continued) If I remember right.

"By Mr. Butts: Comes now the defendant and moves the court to declare a mistrial in this cause for the reason that counsel has brought out from plaintiff's own witness and it is unprovoked, uncalled for, unwarranted, and there is no place in this record the question of insurance in this case.

"The Court: Motion overruled.

"Mr. Butts: To which we except."

This ruling was not error. Appellant itself injected this instrument into the case. As it had exhibited the instrument to the witness to be offered in evidence, appellees had the right to inquire as to who wrote it. In the following cases and the many other cases cited by them, the injection of the issue of "insurance" was held not to be error. Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; and Jimmie Guest Motor Co. v. Olcott (Tex. Civ. App.) 26 S.W.(2d) 373; D. & H. Truck Line v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661; and Horton v. Benson (Tex. Civ. App.) 266 S. W. 213. affirmed by the Supreme Court, 277 S. W. 1050.

■ The court did not err in refusing to submit to the jury appellant's special issue No. 3, which was as follows: "Did A. P. Betterton in changing the course of his vehicle just prior to the collision see first whether there was sufficient space for such movement to be made in safety?"

This issue was upon the weight of the evidence, and assumed that A. P. Betterton changed the course of his vehicle just prior to the collision, and was merely evidentiary, in that it did not submit the ultimate issue of negligence. The refusal of this charge was not error, for the further reason that the issue was sufficiently covered by the court's charge. At the request of appellant, the court submitted an issue as to whether or not the attempt of Betterton to pass the car or cars ahead of him, under the circumstances, was negligence; also issues were submitted as to whether or not Betterton, in attempting to pass appellant's truck, failed to give half of the road and as to whether or not he had his car under control at the time of the collision and as to whether or not he kept a proper lookout for vehicles coming from the opposite direction.

■ Appellant also complains that the court erred in failing to submit the following specially requested issues:

"Did A. P. Betterton fail to observe the Texas Company vehicle just prior to his attempt to pass the vehicle on his right?"

"Did A. P. Betterton fail to stop his car upon seeing the Texas Company vehicle just prior to his attempt to pass the vehicle on his right?"

"Did A. P. Betterton just prior to the injury drive his automobile from a position of safety to a position of danger?"

The refusal of these issues was not error. The points made were sufficiently covered by the charge as given to the jury. Thus, the court submitted appellant's special issue, reading: "Was the attempt of A. P. Betterton to pass the car or cars ahead of him, under the circumstances, negligence, as that term has been defined to you"—which was answered in the negative. Special issue 12, submitted to the jury, was as follows: "Did A. P. Betterton keep a proper lookout (that is, such lookout as an ordinarily prudent person would keep under the same or similar circumstances) for vehicles coming from the opposite direction, while attempting to pass the cars on his right"—which was answered in the affirmative. And special issue No. 9, submitted to the jury, read: "Did A. P. Betterton have his car under proper control (that is, under such control as an ordinarily prudent person would have had his car under), at the time and place in question"—which was also answered in the affirmative. A complete answer to these contentions would be to say that these issues were merely evidentiary and did not submit ultimate issues of negligence.

For the reasons stated, the judgment of the lower court is in all things affirmed.