### F. C. CRANE CO. v. GOSDIN.

No. 1739.

Court of Civil Appeals of Texas. Waco.

April 9, 1936.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

J. B. Keith and J. A. Johnson, both of Stephenville, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the court overruling a plea of privilege. Appellee, Gosdin, sued appellant, F. C. Crane Company, a corporation, and Hannah & Hall, a partnership, for damages sustained when his car fell into a depression through a broken bridge on a highway. Appellee, his wife, and the other occupants of his car sustained more or less serious injuries as the result of such fall. No issue as to the sufficiency of the pleadings is raised. The negligence relied upon as the basis for appellee's cause of action appears to be the failure of the party or parties responsible for the dangerous condition of the highway to exercise ordinary care to warn the traveling public of such condition. The principal issue of fact involved was whether appellee introduced sufficient testimony to show that a cause of action in his favor against appellant arose in Bosque county. A motor road machine was being operated by Ackleman and Davis on a public highway from Meridian to a point where defendant firm was engaged in performing a highway improvement contract. A bridge gave way under the weight of said machine and it fell into the depression covered by such bridge. The machine was removed therefrom and taken to a nearby farm house with a tractor sent by the man superintending the highway work. Who notified that man of the situation and invoked his aid was not disclosed by the testimony, but Ackleman and Davis went with the machine to the farm house and left it there. About 10 o'clock the same night said bridge was crushed in, appellee's car fell into the opening as hereinbefore recited. Appellee testified that nothing to warn the traveling public of the danger of falling into the same had been done and that he did not discover such opening until it was too late to avoid the accident.

The concrete contention insisted upon by appellant is that the testimony failed to show that Ackleman and Davis, who were operating the machine at the time it crushed the bridge, were its agents or employees and not agents or employees of Hannah & Hall, and that the duty to warn the traveling public of the dangerous situation there created devolved in part at least upon it and not wholly on said firm. The machine had been, a short time before the accident, taken from a former job to Meridian. There extensive repairs requiring about two weeks to complete were made upon it. Such machine and the repairs so made were in charge of said Ackleman, who employed and paid said Davis to assist him. Ackleman paid for his board and lodging for a few days in cash. He asked Myers, his boardinghouse keeper, to send the remainder of his bill to appellant for payment. Myers inclosed the account in a letter addressed to appellant at Dallas, Tex., and properly stamped and mailed the same. He received through the mail a check purporting to have been signed by appellant for the amount of his bill. He cashed said check at a local bank and the same was never returned. Before leaving Meridian, Ackleman purchased gasoline there and instructed Lomax, the man operating the filling station, to send the bill therefor to appellant at Dallas for payment. Such bill was prepared, properly mailed, and check for the amount thereof received and cashed in the same manner just recited. The machine was afterward taken from the farm house by some one to where Hannah & Hall were performing their contract. It was used by them there for a short time. Mr. Hall, a member of said firm, testified he was not on the scene and had no personal knowledge of the circumstances, but that his firm used three such machines on said job and that one of them was leased from appellant. There is no contention that either Ackleman or Davis operated the same while so used. There was no testimony connecting Hannah & Hall with the moving of said machine from Meridian to the scene of the accident. Some one riding in a car with the name of the Crane Company printed on the side thereof worked on said machine just before it was taken to Meridian, and again after it was returned to the farm house. Afterward a man claiming to be acting for the Crane Company, with the assistance of said Davis, took the machine from the farm house back to Meridian, where it was shipped in the name of appellant to another destination. There were further

corroborative circumstances tending to show that Ackleman and Davis were operating said machine for and on behalf of appellant at the time of the accident. Appellant did not introduce any testimony, but relied solely on its challenge of the sufficiency of the testimony introduced by appellee. The overruling of appellant's plea implies a finding by the court contrary to its contention. Such finding is not without support in the evidence, and appellant's contention is overruled.

■ The trial court made a docket entry sustaining a plea of privilege interposed by Hannah & Hall and overruling the plea of privilege interposed by appellant. About ten days later, at the same term of the court, before any order had been signed or entered in the minutes, appellee filed a written motion asking the court to reopen the case to permit him to introduce further testimony tending to show a proper predicate for the admission of the testimony of its witnesses Myers and Lomax covering the mailing of Ackleman's expense bills to appellant in Dallas and the return of checks purporting to be signed by appellant in payment of such bills. The court, over appellant's objection, allowed appellee to reintroduce said witnesses and to elicit from each of them more explicit testimony on such issues. He thereupon made, signed, and entered an order overruling appellant's plea of privilege as of that date, to which action appellant excepted and gave notice of appeal. The only contention made by appellant in this connection is that it was by such action refused a fair and impartial trial. No attempt to show any specific injury is made. The court, at the term at which a judgment is rendered, has plenary power over it and may, upon its own motion or motion of a party, vacate, modify, correct, or reform the same according to the justice of the case. Such authority extends, at least in cases tried without the intervention of a jury, to the hearing of additional testimony in regard to any part of the proceedings as to which the judge may entertain doubt and to the opening of all or any part of the judgment for such purpose. 25 Tex.Jur. pp. 546, 547; Kentz v. Kentz (Tex.Civ.App.) 209 S.W. 200, 201, pars. 1 and 2, and authorities there cited; Priddy v. Tabor (Tex.Civ.App.) 189 S.W. 111, 116, par. 4, and authorities there cited; Prescott-Phoenix Oil & Gas Co. v. Gilliland Oil Co. (Tex.Civ.App.) 241 S.W. 775, 778, par. 6, and authorities there cited; Texas Co. v. Betterton (Tex.Civ.App.) 56 S.W.(2d) 663, 665, par. 5; Gaffney v. Kent (Tex.Civ.App.) 74 S.W.(2d) 176, 177, par. 1. Absent some showing of injury, the action of the court under consideration does not justify reversal.

We have examined appellant's other assignments of error and have reached the conclusion that none of them show cause for reversal. The judgment of the trial court is affirmed.