BOND et al. v. CHALFANT.

No. 33390.   July 12, 1949.

*208 P. 2d 535.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiffs in error.

Hatcher & Bond, of Chickasha, for defendant in error.

HALLEY, J.   This action to cancel a deed and quiet title was instituted in the district court of Grady county by Rollin E. Greene against Alpha N. Bond and her adopted daughter, Josephine Bond, a minor, 14 years of age, and for whom a guardian ad litem was

duly appointed. We shall refer to the parties as they appeared in the trial court.

The plaintiff, Rollin E. Greene, was a widower, 84 years of age, who was on the Old Age Assistance rolls, but owned a home in Chickasha, and had, shortly before the events herein mentioned occurred, made the last payment on the mortgage on his home. He carried on in his home a small nursery business. In the latter part of 1945, he solicited an order for nursery stock from the defendant, Alpha N. Bond, a widow 59 years of age living in Chickasha. Through that meeting he became enamored of Mrs. Bond. On January 14, 1946, they had a deed prepared conveying his home to her and Josephine Bond, reserving a life estate to himself.

Mr. Greene alleges that shortly before he executed and delivered the deed, he had an agreement with Mrs. Bond that she would marry him, move into his home, and care for him and be his companion during the remainder of his natural life. He had a life expectancy of slightly more than three years. He alleges that he was lonely, in poor health, and desired companionship and care, and that he made the conveyance to Mrs. Bond in consideration of her marrying him, caring for him, and being his companion for the remainder of his life. He denied any contract whatever with the minor, Josephine Bond.

He states that after the execution and delivery of the deed, Alpha N. Bond refused to carry out her part of the contract and denied that she had made such an agreement. He learned shortly after the deed was delivered and recorded that it included Josephine Bond as a grantee, and that there had been inserted in the deed a consideration of $1,000, when in fact no such consideration was agreed upon or paid. Upon the refusal of Mrs. Bond to marry him, he requested the return of his deed, and this request was refused. Mr. Greene alleges that the various acts of Alpha N. Bond were false and fraudulent,

known to be false, and intended to deceive and did deceive him to his detriment, in securing his property and then refusing to comply with her part of their agreement. It is further alleged that his eyesight was poor and his hearing impaired, and that at the time the deed was prepared he was unable to read it and could not hear all that was said about its contents, but relied wholly upon Mrs. Bond's assurance that it covered their agreement.

The defendants filed separate answers. Alpha N. Bond denied that she had ever agreed to marry Mr. Greene, but stated that she had agreed to move into his home and assist him in his nursery business, and that she was able, willing and ready to carry out such a contract, but had not done so solely because the room in which she and her daughter were to live was occupied at the time by friends or relatives of the plaintiff, but that she had packed her things and was ready to move into his home upon notice that her intended quarters were vacant. Josephine Bond alleged that she was to have an interest in the house, and that she had agreed with the plaintiff to live there, play his piano for him, and perform small services around the house.

Alpha N. Bond also pleaded that the statute of frauds barred this action by the plaintiff.

Rollin E. Greene filed this action on February 5, 1946, and became ill shortly thereafter. He died in a hospital on March 29, 1946, before this case was tried. His testimony is in the form of a deposition taken while he was in the hospital and during what proved to be his last illness. The action was revived in the name of A. V. Chalfant, administrator. The testimony was heard by the court and the case taken under advisement. Findings of fact and conclusions of law and judgment for the plaintiff as prayed for was entered May 19, 1947, canceling the deed involved and quieting title to the land in the name

of the administrator of the estate of Rollin E. Greene, deceased.

The court found that Rollin E. Greene had understood that he was to convey the land in question to Alpha N. Bond only, in consideration of marriage, and that she refused to marry him after the deed had been executed, delivered and recorded; that Rollin E. Greene did not know that Josephine Bond had been named as a grantee in the deed until after it was delivered and recorded, and had no agreement with her, and that there was no meeting of minds between Rollin E. Greene and Alpha N. Bond as to the consideration for the execution of the deed, and concluded that the deed was null and void and should be canceled for a total lack of consideration, and the fact that there was no meeting of the minds of the parties as to the agreement covering the conveyance of the home of Rollin E. Greene. The court did not specifically find that any fraud had been practiced or that the deed had been obtained by fraudulent means or methods.

The defendants have appealed from the findings and judgment of the court, and argue all assignments of error under the single proposition that the judgment is not supported by but is contrary to the evidence, and is contrary to the evidence and the law, and that the action is barred by the statute of frauds.

We shall first consider the contention of the defendants that the plaintiff is barred from any recovery herein by the statute of frauds. Sec. 136, Title 15, O. S. 1941, provides that certain contracts shall be invalid unless reduced to writing and signed by the party to be charged, and paragraph 3 thereof is as follows:

"An agreement made upon consideration of marriage, other than a mutual promise to marry."

The defendants claim that the above provision renders invalid the oral agreement to convey land claimed by the plaintiff to have been conveyed in consideration of marriage, and bars the plaintiff from maintaining this action. It has been held by numerous decisions that the statute of frauds does not prohibit the making of such contracts orally, but only affects and prohibits the enforcement thereof. In the case of Teel et al. v. Harlan, 199 Okla. 268, 185 P. 2d 695, this court announced the rule in the third syllabus as follows:

"3. The statute of frauds does not prohibit making of verbal contract, but only relates to remedy of enforcing it. 15 O. S. 1941 §136."

In St. Louis Trading Co. et al. v. Barr, 168 Okla. 184, 32 P. 2d 293, the rule relative to the effectiveness of the statute of frauds is announced as follows:

"The statute of frauds was designed to prevent frauds, and courts of equity may, in proper cases, prevent the same being used as an instrumentality to perpetrate a fraud."

The plaintiff in this case is not seeking to enforce a contract based upon consideration of marriage, other than the mutual promise to marry, such as is required to be reduced to writing by the above statute. He fully performed what he understood the contract between himself and Mrs. Bond to be, by the execution and delivery of the deed sought to be canceled. It is admitted by both parties that she flatly refused to marry him and claimed that she had made no such agreement. It is also admitted that not one cent of the consideration recited in the deed was ever paid to the grantor. We conclude and hold that the statute of frauds is not applicable in this case, and that the plaintiff is not barred from prosecuting this action by the statute of frauds.

The trial court found that there was no meeting of minds between the parties as to what consideration Mr. Greene was to receive for the execution of the deed to Mrs. Bond. The court found Mr. Green understood Mrs. Bond was

to marry him. Mrs. Bond asserted that she never intended to marry Mr. Greene and was not going to marry him. There was sufficient evidence in the record to justify the finding of the trial court that the minds did not meet on the consideration, and that Mr. Greene executed the deed in question under the mistaken belief that Mrs. Bond would marry him. Mr. Greene testified on direct examination as follows:

"Q. Tell the court why you signed this deed. A. Well, the consideration was that—my understanding was that she was to become my wife. Q. If you had known that she was not going to become your wife, would you have signed the deed? A. No, sir."

On cross-examination, he testified:

"Q. Then you never did ask her to marry you before you executed the deed? You never did say, 'Mrs. Bond, I want you to be my wife'? A. To be my life's companion. Q. Did you ever ask her to be your wife? A. Well, I think I made that plain to her."

It is well settled that where due to a mutual mistake of fact the minds of the contracting parties failed to meet, equity may rescind the apparent contract. The rules as to the cancellation of instruments for mistake of fact find frequent application to deeds. The Supreme Court of Alabama properly expressed this idea in Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292, as follows:

"To correct or cancel deeds on the ground of mistake, when the mistake is clearly shown, is one of the familiar duties of a court of equity."

See, also, 12 C.J.S., Cancellation of Instruments, sec. 27, p. 978.

The case of O'Neal v. Harper, 182 Okla. 52, 75 P. 2d 879, is authority for the trial court's action in this case. That was a suit to cancel and set aside a mineral deed. There it was said that to constitute a valid contract, there must be a meeting of the minds of the parties on all material parts of the agreement. A mineral deed was canceled because the minds of the parties did not meet as to the purchase price although they did as to the amount of royalty to be conveyed.

The trial court in this case found that the minds of the parties did not meet on the question of whether marriage was to be consummated between the parties. We are unable to say that the finding and judgment are clearly against the weight of the evidence.

Judgment affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. O'NEAL, J., concurs in result.