**H. B. REID, Plaintiff In Error,**

**v.**

**George CONKLIN, Defendant In Error.**

**No. 38711.**

Supreme Court of Oklahoma.

July 19, 1960.

Milton W. Hardy, Hardy & Hardy, Tulsa, for plaintiff in error.

William P. Huckin, Jr., Tulsa, for defendant in error.

JOHNSON, Justice.

This is an appeal from an order of the District Court of Tulsa County, Oklahoma, vacating a default judgment in an equitable

action for dissolution of a partnership and an accounting.

The petition was filed on July 25, 1958, and on the same date a summons was duly issued but returned "without service" on August 4, 1958. On August 8, 1958, an alias summons was duly issued notifying the defendant, George F. Conklin, that he must answer the petition of H. B. Reid on or before the 7th day of September, 1958, or petition would be taken as true and a judgment rendered accordingly, which summons was duly served upon the defendant and returned on the day that it was issued (August 8, 1958).

Thereafter on September 8, 1958, defendant filed a motion to quash service of summons. This motion was overruled and withdrawn. On February 24, 1959, the trial court entered an order adjudging the defendant in default and set the case on the trial docket for the 10th day of March, 1959.

Following this, on March 10, 1959, plaintiff adduced evidence in support of his pleaded claims, and judgment was rendered in plaintiff's favor.

Thereafter, on March 16, 1959, the defendant filed in the case a motion to vacate the default judgment on the grounds of:

"1. For irregularity in obtaining the said judgment in this, to-wit, that plaintiff failed to give defendant notice that said case was set for trial, and defendant and defendant's attorney never had actual notice that said case was set for trial; that said case was not at issue.

"2. That defendant further states that he has a good and valid defense to said action."

On May the 6th, 1959, the trial court vacated the judgment that he had formerly rendered and allowed the defendant to file an answer and granted a new trial. It is from this order that the plaintiff, plaintiff in error, appeals.

While, as argued by plaintiff, the record shows lack of diligence on the part of the defendant and his attorney, yet we are unable to find in the record any irregularity in the proceedings leading up to the trial, or during the trial, as the defendant contends. There was no fraud practiced by the plaintiff (successful party) in obtaining the judgment. However, the plaintiff did not demand a default judgment until long after that right had accrued; but, be that as it may, we are committed to the rule that the district court, being a court of general common law jurisdiction, had control of all judgments, decrees, or orders, however conclusive in their character, during the term at which the court rendered its judgment, and may set aside, vacate and modify such judgments during said term, in the exercise of a wide and extended discretion, and in the absence of an abuse of such discretion, an order of the trial court vacating a judgment during the term will not be reversed. See Tulsa Exchange Co. v. Kiester et al., 199 Okl. 440, 186 P.2d 808, and cases cited therein.

This broad rule is stated in the first paragraph of the syllabus therein as follows:

"Courts of general common-law jurisdiction have control of all judgments, decrees, or other orders, however conclusive in their character, during the term at which they are rendered, and may set aside, vacate, and modify them during said term, in the exercise of a wide and extended discretion, and in the absence of an abuse of such discretion, an order of the trial court vacating a judgment during the term will not be reversed."

Applying this rule in the instant case, we hold that no abuse of discretion by the trial court was shown, and for that reason the judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JACKSON, IRWIN and BERRY, JJ., concur.