**Leo WINTERS and the Law Firm of Stipe, Gossett, Stipe, Harper, Estes, McCune, and Parks, a Partnership, Appellees,**

v.

**Gary D. PIERCE, Jr., Successor Administrator of the Estate of James E. Grigsby, Deceased, Appellant.**

**No. 66512.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 22, 1987.

Rehearing Denied Jan. 12, 1988.

Certiorari Denied March 22, 1988.

John Goodman, Oklahoma City, for appellant.

Russell Uselton, McAlester, for appellees.

HUNTER, Judge:

Appellant's decedent, James E. Grigsby, was an attorney who entered into a joint adventure agreement with W.A. McWilliams, Gene Stipe and Leo Winters, the appellees, who are also attorneys. The stated purpose of the agreement was "to enter into a joint venture for the purpose of obtaining helium rights in the Hugoton Field for various landowners for the purpose of making a determination as to the rights of said landowners to said helium". It was further agreed that a lawsuit would be necessary to determine these rights; that Mr. Grigsby and Mr. McWilliams had expended much time and effort in the previous four months in researching and preparing the law to determine the ownership of the helium; that Winters and Stipe would obtain assignments from landowners as to their helium rights; that Grigsby and McWilliams would be primarily responsible for all legal proceedings; and that all four of the principals would profit equally in any fees, profits or money obtained through the joint effort, solicit clients and

commence litigation and then share in the fees, when and if any were collected.

Appellant's decedent died many years prior to the collection of the fees. Appellees commenced this action for declaratory judgment, contending that the appellant's decedent was not entitled to share in the fees because he died before the litigation was commenced, or at least, long before the fees were collected. The Appellant contended that the appellant's decedent was entitled to his full share of the fees collected, or the sum of $360,532.31. The trial court granted a partial summary judgment for the appellees, finding that the joint adventure agreement terminated as to appellant's decedent upon his death, as a matter of law. The order granting partial summary judgment was not immediately appealed. The trial court later found that the appellant's decedent had earned a fee of $35,000.00 on a quantum meruit basis and entered judgment for that amount only. The appellant filed a motion for new trial which was overruled and this appeal was timely filed.

The only ground set forth in the Appellant's motion for new trial was "that the decision of the Trial Court is not sustained by sufficient evidence and is contrary to law." This was insufficient to preserve for appellate review the issues of whether the Trial Court erred as a matter of law in concluding that the joint venture between Decedent and Appellees terminated as to the Decedent upon his death, or the issue of whether the Trial Court erred in limiting the Appellant to recovery on a quantum meruit basis rather than the terms of the joint venture agreement. 12 O.S.1981, § 991(b). *Federal Corporation v. Independent School District No. 13*, 606 P.2d 1141, (Okl.App.1978, approved for publication by the Supreme Court 1980).

The record fails to include any transcript of the hearing on the motion for new trial and, therefore, we are unable to apply the holding in *Horizons, Inc. v. Keo Leasing Company*, 681 P.2d 757 (Okla.1984) which held that "any lack of specificity in the language of a new trial motion will be regarded as effectively cured by record showing that, at the hearing on the motion, the movant, without any objection from the opposite party, precisely identified each point of law which is fairly comprised in the general allegations of the defective motion".

For the reasons set forth above, this appeal is DISMISSED.

HANSEN, P.J., and BAILEY, J., concur.