2002 OK CIV APP 4

**Paul KOHLER, Plaintiff/Appellant,**

v.

**KLINE AND KLINE, INC., Defendant/Appellee.**

**No. 95,703.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Decided Sept. 18, 2001.

Certiorari Denied Nov. 26, 2001.

---

Babette Patton, Breathwit & Patton, Oklahoma City, OK, For Plaintiff/Appellant.

Douglas L. Jackson, Grant M. Lucky, Gungoll, Jackson, Collins, Box & Devoll, P.C., Enid, OK, For Defendant/Appellee.

Opinion by TOM COLBERT, Judge:

¶ 1 Plaintiff, Paul Kohler, appeals the trial court's denial of his motion to set aside a summary judgment granted in favor of Defendant, Kline & Kline, Inc. The issue on appeal is whether the trial court abused its discretion in refusing to set aside the summary judgment. Upon review of the record and applicable law, we find that the trial court did not abuse its discretion and affirm.

## BACKGROUND

¶ 2 Plaintiff filed suit against Defendant, a law firm, in May 1999, claiming that Defendant was negligent in representing him in a bankruptcy proceeding. Plaintiff alleged that Defendant failed to appear at a bankruptcy hearing on his behalf and that, as a result, the bankruptcy court entered a default judgment on behalf of his creditors. Defendant raised several affirmative defenses in its answer, including failure to state a claim upon which relief can be granted, estoppel, laches, waiver, and statute of limitations.

¶ 3 On July 28, 2000, Defendant filed a motion for summary judgment, claiming that

"Plaintiff did not have a contractual relationship with the Defendant and therefore has no basis for a claim seeking damages against the Defendant." In its brief in support of its motion for summary judgment, Defendant asserted that, although it represented Kohler Ranch, Inc. in a bankruptcy proceeding, it never represented Plaintiff in a bankruptcy matter, and was therefore entitled to judgment as a matter of law. The trial court granted Defendant's motion for summary judgment on September 7, 2000.

¶ 4 Plaintiff filed a motion to set aside the summary judgment on October 2, 2000. Plaintiff's motion merely alleged the following: "1. That the Court entered a Summary Judgment in favor of Defendant, Kline and Kline, Inc. on September 1, 2000. 2. Questions of fact exist concerning this matter. 3. Plaintiff states a legal claim for relief against Defendant."

¶ 5 Defendant objected on the ground that Plaintiff failed to show "sufficient cause for this Court to vacate the Judgment rendered in favor of the Defendant" under 12 O.S. Supp.2000 § 1031.1. Plaintiff responded with a supplement to his motion to set aside the summary judgment. Represented by a new attorney, Plaintiff asserted that his previous attorney had failed to respond to the motion for summary judgment and had also failed to appear at the hearing. Plaintiff further asserted that the trial court's grant of summary judgment was based upon the fact that he was not the real party in interest.

¶ 6 In its objection, Defendant argued that the trial court did not dismiss the cause of action based upon a real party in interest claim, but in fact granted summary judgment because it was entitled to judgment as a matter of law. Defendant further asserted that Plaintiff had failed to allege any sufficient grounds for vacating the judgment under 12 O.S. Supp.2000 § 1031. The trial court entered an order on December 5, 2000, denying Plaintiff's motion to set aside the summary judgment.

## STANDARD OF REVIEW

¶ 7 Plaintiff's "motion to set aside summary judgment" can best be described as a motion to vacate. A trial court has the authority to vacate a judgment upon motion of a party if such motion is filed within 30 days from the date of a judgment, decree, or appealable order. 12 O.S. Supp.2000 § 1031.1 (B). In *Schepp v. Hess,* 1989 OK 28, ¶¶ 7–8, 770 P.2d 34, 37–38, the supreme court explained the power of the trial court under section 1031.1 as follows:

Deeply rooted in the common law is the concept that trial courts retain for a limited period plenary control over their terminal decisions. This power was historically invocable at any time during the term of court in which the judgment was rendered; the authority hence came to be known as "term-time." Although terms of court have been abolished in Oklahoma, the common-law term-time power survived and came to be codified in 12 O.S.1981 § 1031.1; the time limit for invoking this ancient control is now fixed at thirty days from the decision. Once timely invoked, the trial court's term-time power may be exercised after the thirty-day period.

The common-law term-time authority, now statutorily reconfirmed by the terms of § 1031.1, remains undiminished and may not be abridged by case law. The power so reposed in the trial bench is entirely unrestricted either by the §§ 651, 1031 or any other statutory grounds. Neither the terms of § 1031.1 nor those of its common-law antecedents restrict the exercise of term-time power to any specific grounds.

(Footnotes omitted.)

 ¶ 8 The discretion which trial courts enjoy during their term-time control over cases has been described as "almost unlimited." *Id.* at ¶ 9, 770 P.2d at 38. In reviewing a trial court's decision under section 1031.1, we must determine "whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." *Id.* at ¶ 11, 770 P.2d at 39 (footnote omitted).

 ¶ 9 In determining whether the trial court abused its discretion in denying Plaintiff's motion, we must determine wheth-

er the trial court's grant of summary judgment was proper. "Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Leitner*, 1989 OK 146, ¶ 9, 782 P.2d 924, 926. Although a trial court considers factual matters when deciding whether summary judgment is appropriate, its ultimate decision is purely legal, "whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions." *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. "On appellate review, all inferences and conclusions to be drawn from the underlying facts contained in the record should be viewed in the light most favorable to the party opposing the motion for summary judgment." *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, ¶ 2, 631 P.2d 752, 754. Our standard of review is de novo, meaning that we have "plenary, independent, and non-deferential authority to re-examine a trial court's legal rulings." *Polymer Fabricating, Inc. v. Employers Workers' Compensation Ass'n*, 1998 OK 113, ¶ 8 & n. 6, 980 P.2d 109, 113 & n. 6.

## ANALYSIS

¶ 10 Plaintiff urges that the trial court granted summary judgment because the matter was not brought by the real party in interest. Title 12 O.S.1991 § 2017(A) provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution

of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Plaintiff asserts that the trial court should have allowed him a reasonable time within which to substitute Kohler Ranch, Inc. (Kohler) as the real party in interest.

¶ 11 Defendant asserts that the trial court did not "dismiss" Plaintiff's action and that section 2017 is not applicable. It urges that the trial court granted summary judgment upon a showing by Defendant that it was entitled to judgment as a matter of law. In its brief in support of the motion for summary judgment, Defendant's sole argument was that it never represented Plaintiff in a bankruptcy proceeding because its representation was limited to Kohler.

¶ 12 Defendant included as an exhibit a copy of the bankruptcy petition which listed Kohler as the debtor and Defendant as the law firm representing Kohler. Also included as an exhibit was the statement of compensation filed by Defendant, which listed the amount of compensation to be paid to the firm by Kohler. This statement of compensation was signed by Plaintiff as president of Kohler. Defendant also presented portions of the transcript of Plaintiff's deposition. The excerpts included the following exchange between Plaintiff and Defendant's counsel:

Q. Now, you state that Paul Kohler entered into a contract with Kline & Kline, the material basis for which was for the law firm of Kline & Kline to execute a bankruptcy on behalf of Mr. Kohler. You never filed bankruptcy, did you?

A. No, not—my corporation did.

Q. Do you know why your corporation is not a party to the lawsuit?

A. I don't quite understand your question, now.

Q. Well, if you look at the top it says "*Paul Kohler v. Kline and Kline, Inc.*" Do you know why the corporation didn't file this lawsuit? If you know.

A. Well, I understood that we did file it for them.

Q. Well, let's go back to Paragraph 4 here. Did you ever enter into an agreement with Kline & Kline to represent you personally in a Chapter 12 bankruptcy?

A. Yes, when I come down to see them and talked with them.

Q. But you never personally filed bankruptcy?

A. No.

Q. Did you ever intend to personally file bankruptcy?

A. No.

▇ ¶ 13 Plaintiff failed to respond to the motion for summary judgment and, thus, he presented no evidence to controvert the evidence put forth by Defendant. However, Defendant was not entitled to summary judgment solely because Plaintiff did not respond. There can be no summary judgment by default. Even if the party against whom summary judgment is sought files no response, the trial court must ensure that the motion is meritorious. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682, 685 (approved for publication by the Oklahoma Supreme Court). The court in *Spirgis* stated:

> The trial court must examine the evidentiary materials supporting the motion and if all the material facts are addressed and are supported by admissible evidence, those facts are admitted and judgment for the movant is proper. However, if the movant has not addressed all material facts, or if one or more such facts is not supported by admissible evidence, judgment for the movant is not proper.

*Id.* (Emphasis added.)

▇ ¶ 14 In order to determine whether the trial court's grant of summary judgment was proper, we must examine the elements of a legal negligence claim. A plaintiff in a legal negligence action must prove "(1) the existence of an attorney-client relationship, (2) breach of a lawyer's duty to the client, (3) facts constituting the alleged negligence, (4) a causal nexus between the lawyer's negligence and the resulting injury (or damage) and (5) but for the lawyer's conduct, the client would have succeeded in the action." *Manley v. Brown,* 1999 OK 79, ¶ 8, 989 P.2d 448, 452. To prevail in its motion for summary judgment, Defendant had the burden of proving, through evidentiary material, that at least one of these material elements was absent from Plaintiff's claim. *Id.* at ¶ 24, 989 P.2d at 456.

¶ 15 As discussed above, Defendant presented evidence that it never represented Plaintiff in a bankruptcy proceeding. First, the bankruptcy petition listed the debtor as Kohler. Second, the statement of compensation specified that the corporation "has paid Kline & Kline a pre-petition retainer in the amount of $1,565.00, which includes the filing fee. Debtor has agreed to compensate the firm at its regular hourly rates." From this evidence it is clear that the trial court could have concluded that no attorney-client relationship existed between Defendant and Plaintiff. If an attorney-client relationship did not exist, Defendant owed Plaintiff no duty arising out of such a relationship. It necessarily follows that if no duty was owed Plaintiff, he would be unable to establish another essential element of a legal negligence claim, breach of duty.

¶ 16 We find that, in its motion for summary judgment, Defendant put forth evidence that it did not owe a duty to Plaintiff. Defendant's evidence has shown that one material element of legal negligence is missing from Plaintiff's cause of action, and therefore, it was entitled to judgment as a matter of law. Defendant supported its claim through court documents and testimony. Plaintiff has failed to controvert the evidence presented by Defendant. Therefore, we cannot say that the trial court erred in granting summary judgment in favor of Defendant.

¶ 17 We note that there is no indication in the trial court's order that it based its decision on any theory other than those asserted by Defendant in its motion for summary judgment. Although Plaintiff suggests that the trial court based its decision on the fact that he was not the real party in interest, we find nothing in the record which indicates that the trial court used this theory as a basis for its decision. The trial court concluded that Defendant was "entitled to judgment as a matter of law on all claims of Plaintiff." There was no mention of a "real party in interest" issue by the court.

¶ 18 We must next determine whether the trial court exercised sound discretion in refusing to vacate the summary judgment order. As discussed above, the discretion that a trial court enjoys over its term-time cases is plenipotentiary. Plaintiff merely asserts that the trial court erred in granting summary judgment on the basis of a real party in interest claim. Again, there is no indication that the trial court relied on a real party in interest claim as a basis for granting summary judgment. We cannot say that the trial court failed to exercise sound discretion in refusing to vacate its prior order where the order was supported by uncontroverted evidence submitted by Defendant.

### CONCLUSION

¶ 19 The trial court did not abuse its discretion in failing to vacate its order granting summary judgment in favor of Defendant. The trial court's grant of summary judgment was proper because Defendant presented uncontroverted evidence that Plaintiff could not establish the material elements of a legal negligence action.

¶ 20 AFFIRMED.

REIF, V.C.J., and GOODMAN, P.J., concur.