OSCN Found Document:BENNETT v. ESKRIDGE AUTO GROUP

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 BENNETT v. ESKRIDGE AUTO GROUP
2014 OK CIV APP 54
Case Number: 111282
Decided: 01/31/2014
Mandate Issued: 05/28/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 54, __ P.3d __

TERRY BENNETT and WARDICE WHITE, Plaintiffs/Appellants,
v.
ESKRIDGE AUTO GROUP, MICHAEL MILLIGAN, BRIAN PAUL PENDARVIS, RUDY E. DOSS, JEFFREY SHAHAN, and JOHN DOE, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE LISA TIPPING DAVIS, JUDGE

AFFIRMED

Terry Bennett and Wardice White, Oklahoma City, Oklahoma, Pro Se,
Kathy W. Wallis, Edmond, Oklahoma, for Defendants/Appellees.

Kenneth L. Buettner, Judge:

¶1 Plaintiffs/Appellants Terry Bennett and Wardice White (collectively, Buyers) appeal from the trial court's order denying their motion to vacate the trial court's earlier order compelling arbitration of Buyers' suit against Defendants/Appellees Eskridge Auto Group, Michael Milligan, Brian Pendarvis, Rudy Doss, and Jeffrey Shahan (collectively, Sellers). The record shows the parties entered a valid agreement to arbitrate disputes arising out of the vehicle purchase agreement. Although the chosen arbitrator was no longer available, both the federal and state arbitration acts provide for appointing an alternate arbitrator in such case, which the trial court did in this case. We find no abuse of discretion in denying Buyers' motion to vacate, and affirm.

¶2 In their July 10, 2012 Petition, Buyers alleged Eskridge sold them a 1999 Honda which Sellers represented was certified and which had a defective, recalled transmission and needed motor mounts. Buyers alleged Sellers knew or should have known that the vehicle was defective. Buyers asserted that due to Sellers' fraud, deceit, negligence, false representation, wilful and malicious conduct, and conversion, they suffered damages in excess of 100 million dollars. Buyers further alleged that Eskridge employees Shahan and Doe wilfully and maliciously deceived them about the need and cost of repairs to the vehicle.

¶3 Sellers filed a Special Appearance July 31, 2012, in which they sought an order compelling arbitration pursuant to a "dispute resolution clause" in the written Purchase Agreement for the sale of the vehicle. They asked for an order dismissing the case if Buyers failed to seek arbitration within 30 days.

¶4 Buyers objected to arbitration. They asserted that the National Arbitration Forum (NAF) had announced in 2009 that it would no longer administer consumer arbitration disputes as part of a settlement with the Minnesota Attorney General. Buyers urged that because NAF had ceased administering consumer arbitrations before they entered the sales agreement, the arbitration provision in that agreement was null and void and unenforceable. Although they did not expressly state they did not consent to the arbitration provision, Buyers cited Oklahoma authority that "arbitration is a matter of consent, not coercion."

¶5 Sellers then filed a motion to appoint an alternate arbitrator. Sellers noted that the arbitration provision in the sales agreement provided, in pertinent part, "all matters addressed within this Clause shall be submitted to binding arbitration, with the National Arbitration Forum, pursuant to the Federal Arbitration Act, Title 9 U.S.C. §1, et seq." Sellers agreed that the NAF had ceased administering consumer arbitrations in 2009, but noted that Section 5 of the FAA provides that if there is a lapse in the naming of an arbitrator under an arbitration provision, then a party may ask the court to designate and appoint an arbitrator. Sellers also cited 12 O.S.2011 §1862(a), which provides that if the agreed method of selecting an arbitrator fails, then the court, on motion of a party, shall appoint an arbitrator.

¶6 Following a hearing held September 6, 2012, the trial court granted Sellers' motion to compel arbitration. Buyers filed their motion to vacate September 12, 2012, in which they repeated their claims made in opposing the motion to compel arbitration. Sellers responded October 16, 2012, and Buyers asserted the response was out of time so their motion to vacate was deemed confessed.

¶7 Hearing on the motion to vacate was held October 25, 2012, and the trial court filed an order denying the motion to vacate and a journal entry granting the motion to compel arbitration the same day. In the journal entry, the court ordered Buyers to submit the case to arbitration within 30 days and directed that if Buyers refused, the case would be dismissed with prejudice. The trial court named an arbitrator "(u)pon recommendation of Sellers' attorney and by consent of Plaintiff, Terry Bennett." The court directed that the parties were free to agree on a different arbitrator. Buyers appeal.

¶8 We review an order granting or denying a motion to compel arbitration de novo. Thompson v. Bar-S Foods Co., 2007 OK 75, ¶9, 174 P.3d 567. We review the trial court's decision on a motion to vacate for an abuse of discretion. Schepp v. Hess, 1989 OK 28, 770 P.2d 34, 39.

¶9 In their Brief in Chief, Buyers complain the trial court failed to conduct an evidentiary hearing; failed to determine whether Buyers intended to arbitrate; failed to determine whether it was fraud to have the NAF provision in the purchase agreement; failed to determine whether NAF still existed; and failed to determine why the NAF is no longer involved in consumer arbitration. Because the trial court appointed an alternate arbitrator, any issues related to the NAF's existence or participation in consumer disputes are not relevant to this dispute.

¶10 The record indicates the trial court granted the motion to compel arbitration following a hearing held September 6, 2012, at which Bennett appeared, but White did not. The record includes a transcript of that hearing, in which Bennett repeated Buyers' contention that because NAF was not administering consumer arbitrations at the time of the purchase contract, the arbitration provision should not be effective.

¶11 The purchase agreement is in the record and includes White's signature immediately below the "Dispute Resolution Clause," which provides that the parties agree to submit to arbitration any dispute between the parties. As noted above, the clause provides in part: "The Purchaser and Dealer agree that all matters addressed within this Clause shall be submitted to binding arbitration, with the National Arbitration Forum, pursuant to the Federal Arbitration Act." Buyers have cited Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985), for the rule that "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."

¶12 Buyers have not alleged that White was unaware of the arbitration provision, which was immediately above her signature. They contend they cannot be subject to arbitration because NAF, the arbitrator designated in the provision, no longer performs consumer arbitrations. But as noted by Sellers, the FAA and the Oklahoma Uniform Arbitration Act both expressly provide for appointment of an alternate arbitrator where the selected arbitrator is unavailable. Courts which have addressed this question have found that where the arbitration clause's selection of an arbitrator is "integral" to the agreement, the failure of the chosen arbitration forum is fatal to the arbitration clause itself, but if the choice of arbitrator is "merely an ancillary logistical matter" then alternate arbitrator provisions like Section 5 of the FAA or §1862 of the OUAA will apply. Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11thCir.2000). Buyers have not argued or shown that the naming of NAF as arbitrator was integral to the agreement to arbitrate. We find the trial court properly followed the parties' contract and §1862 in compelling arbitration and appointing an alternate arbitrator.

AFFIRMED.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1989 OK 28, 770 P.2d 34, 60 OBJ 540, Schepp v. Hess
Discussed 2007 OK 75, 175 P.3d 567, THOMPSON v. BAR-S FOODS COMPANY
Cited
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1862, Selection or Appointment of Arbitrator - Conflict of Interest
Cited